■ In the Matter of REGINA X. CANDACE A. BLAKE, as Assistant Director of Children's Protective Services, Appellant; PAUL X. et al., Respondents. (Matter No. 1.) In the Matter of JASON X. CANDACE A. BLAKE, as Assistant Director of Children's Protective Services, Appellant; PAUL X. et al., Respondents. (Matter No. 2.) In the Matter of DEMETRA Y. CANDACE A. BLAKE, as Assistant Director of Children's Protective Services, Appellant; PAUL X. et al., Respondents. (Matter No. 3.) In the Matter of DAVID Z. CANDACE A. BLAKE, as Assistant Director of Children's Protective Services, Appellant; PAUL X. et al., Respondents. (Matter No. 4.)—In four consolidated proceedings pursuant to Family Court Act article 10, the petitioner appeals from an order of the Family Court, Nassau County (Ryan, J.), dated July 22, 1986, as amended August 12, 1986, which granted an adjournment in contemplation of dismissal to the respondents, directed the Department of Social Services instead of the Department of Probation to supervise the respondents and the children, and which directed the respondents to refrain from using corporal punishment.

Ordered that the order, as amended, is reversed, without costs or disbursements, and the matters are remitted to the Family Court, Nassau County, for a fact-finding hearing pursuant to Family Court Act § 1044.

The Family Court's order, as amended, which adjourned the matters in contemplation of dismissal over the objection of the Deputy County Attorney and directed supervision by the Department of Social Services, violated Family Court Act § 1039, which requires the consent of all parties (see, Matter of Gary B., 101 AD2d 1026; Matter of Amlinger v Amlinger, 73 AD2d 1047). Thompson, J. P., Lawrence, Eiber and Spatt, JJ., concur.