■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEITH DAVIS, Appellant. [602 NYS2d 169] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Barasch, J.), rendered August 6, 1991, convicting him of

criminal possession of a controlled substance in the fourth degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress a beeper and currency recovered from him.

Ordered that the judgment is affirmed.

The defendant was observed riding in a stolen car with two other individuals, the codefendant Sheray Parks and a third person who was driving the car, George Bullock. After being pursued by the police, Bullock drove the car onto a sidewalk and stopped. All three occupants of the car, including the defendant, fled and ran in different directions. The defendant was apprehended and arrested. A search of the car's glove compartment revealed 92 vials of crack cocaine and a plastic bag also containing that narcotic. The defendant was searched at the precinct, and a beeper and $180 in 10 and 20 dollar bills were recovered from his possession. The defendant was charged with criminal possession of a controlled substance in the fourth degree.

At the beginning of the trial, but after the impanelling of the jury, one of the jurors sought to be excused for health reasons. On the record, the court conducted an in-camera inquiry, at which defense counsel was present but the defendant was not. At the urging of the defense attorney, the juror was subsequently discharged and an alternate juror was sworn. The defendant was convicted of the crime charged. He now argues that the removal of the juror in his absence deprived him of a trial by a jury in whose selection he had participated. We disagree (see, People v Darby, 75 NY2d 449).

The defendant's further contention that the court erred in admitting into evidence the beeper and the currency found in his possession is likewise without merit. A review of the record establishes that these items were not introduced to show a general criminal propensity but rather to rebut the claim raised in the opening statement by defense counsel that the defendant was unaware of the presence of the drugs in the glove compartment of the car. Moreover, the probative value of the evidence outweighed its prejudicial effect (see, People v Carpenter, 187 AD2d 519).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Rosenblatt, J. P., Lawrence, O'Brien and Copertino, JJ., concur.