■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE PENA, Appellant. [603 NYS2d 299] —Judgment, Supreme Court, New York County (Harold Rothwax, J.), rendered January 30, 1991, convicting defendant, upon his pleas of guilty, of two counts of robbery in the first degree under separate indictments, and sentencing him to consecutive terms of 4 to 12 years, unanimously affirmed.

Police observed defendant in the company of three persons who matched the descriptions of three persons who, armed with guns, had beaten and robbed a store owner several hours earlier. A fourth person had been seen driving a getaway car, but not well enough to be described by witnesses. Because of an incident involving the same car the day before, the police were able to locate the car within a short time after the robbery and were present when a group of four persons approached the car and prepared to enter it. One of the four was already behind the wheel and tried to drive off in an apparent attempt to escape when the police approached and identified themselves, at which point all four were subdued and handcuffed. An officer then noticed a gold chain, one of the items reportedly stolen, hanging from defendant's neck. Emphasizing that no description had been given for the fourth person seen in the getaway car, defendant argues that probable cause to arrest him did not exist simply because he was in the company of three persons who did fit the descriptions. We disagree. This is not a situation where an automobile associated with a crime is staked out, and anyone who approaches it is arrested even if he or she does not fit the description of the perpetrator *(compare, People v Pejcinovic,* 174 AD2d 461). Defendant was observed to be part of a group of four persons who apparently knew each other, as indicated by the fact that they were engaged in conversation. Three of the four fit the

descriptions given for the perpetrators of an armed robbery committed hours earlier, and a fourth, undescribed person was known to be involved. Two of the four were recognized by one of the officers staking out the automobile as persons who were in that very automobile when it was stopped by the police the day before. In view of the information that the perpetrators were armed, and the driver's attempt to flee upon the approach of the police, the officers' action in restraining all members of the group in order to secure their own safety "was an appropriate response to the[ir] observations and beliefs" (People v Leung, 68 NY2d 734, 736). Accordingly, given defendant's participation in two armed robberies within seven months, the second while he was out on bail for the first and involving his use of a loaded gun we are not persuaded that the sentence imposed by the court was excessive. Concur—Murphy, P. J., Carro, Ross and Asch, JJ.