■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JACKIE DEWESE, Appellant. [604 NYS2d 575] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Brill, J.), rendered September 12, 1990, convicting him of manslaughter in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's legal sufficiency claim is unpreserved for appellate review, as his motion for a trial order of dismissal was not specific (CPL 470.05 [2]; *People v Bynum,* 70 NY2d 858; *People v Udzinski,* 146 AD2d 245, 250). In any event, viewing the evidence adduced at trial in a light most favorable to the People *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. The defendant's claim that his behavior was not reckless is belied by his own statements to the police in which he admitted to inflicting a four-inch deep

knife wound in the chest of his pregnant girlfriend in the midst of a dispute.

Furthermore, the defendant's presence was not required during the trial court's brief, in camera inquiry of a sworn juror who had been mugged in the subway that morning, resulting in the juror being excused on consent. The defendant's counsel was present during the inquiry to ensure that he received a fair and just hearing with respect to the juror's continued competence to serve (see, People v Aguilera, 82 NY2d 23; People v Darby, 75 NY2d 449; People v Mullen, 44 NY2d 1; People v Davis, 196 AD2d 880).

The defendant's sentence was neither harsh nor excessive (see, People v Delgado, 80 NY2d 780; People v Suitte, 90 AD2d 80). Sullivan, J. P., Lawrence, O'Brien and Santucci, JJ., concur.