OPINION OF THE COURT
 

 Memorandum.
 

 On defendant’s appeal and the People’s cross appeal, the order of the Appellate Division, reducing defendant’s conviction from criminal possession of a controlled substance in the fifth degree to criminal possession of a controlled substance in
 
 *1004
 
 the seventh degree, should be modified by reinstating defendant’s conviction and sentence- for criminal possession of a controlled substance in the fifth degree and the case remitted to the Appellate Division, Fourth Department, for consideration of the facts pursuant to CPL 470.25 (2) (d) and 470.40 (2) (b) and, as so modified, affirmed. On defendant’s appeal from the order affirming the denial of his CPL 440.10 motion, the order of the Appellate Division should be affirmed.
 

 On his direct appeal, defendant argues that because the Appellate Division held that there was insufficient evidence to establish that he had actual knowledge of the weight of the cocaine in the vials he possessed to support his conviction for criminal possession of a controlled substance in the fifth degree (Penal Law § 220.06 [5]), there is also insufficient evidence to sustain the conviction for criminal possession of a controlled substance with the intent to sell (Penal Law § 220.16 [1]). Defendant further argues that reversal is warranted based on the admission of the police investigator’s "expert” opinion on purported routine conduct of a drug dealer as evidence that defendant’s conduct was criminal. Neither of these issues has been properly preserved for our review. Consequently, on defendant’s appeal, the Appellate Division order should be affirmed.
 

 On their cross appeal, the People contend that there was sufficient evidence to sustain the conviction for criminal possession of a controlled substance in the fifth degree and that the Appellate Division erred in reducing the conviction "on the law” on that ground. It is now firmly established that when a defendant’s appeal is directed at the People’s failure to prove the defendant had knowledge of the weight of the controlled substance, such challenge must be specifically preserved in order to give rise to a "question of law”
 
 (see, People v Hill,
 
 85 NY2d 256, 259;
 
 People v Gray,
 
 86 NY2d 10;
 
 People v Ryan,
 
 82 NY2d 497;
 
 see also, People v Bynum,
 
 70 NY2d 858;
 
 People v Dekle,
 
 56 NY2d 835).
 

 Here, defendant failed to interpose any objection that specifically preserved his right to challenge the sufficiency of the People’s evidence regarding his knowledge of the weight of the cocaine. Defendant’s trial motion to dismiss only challenged the sufficiency of proof on the element of possession, alleging that the police inspector was not credible and did not actually observe any controlled substance in defendant’s possession. No reference was made to insufficient proof to establish defendant’s knowledge of the weight of the drugs he possessed.
 
 *1005
 
 Finally, defendant’s motion to set aside the verdict was insufficient to preserve the objection for our review. Thus, the Appellate Division erred in treating the question of the sufficiency of the People’s proof regarding defendant’s knowledge of the weight of the cocaine as a question of law. Consequently, on the People’s appeal, we reverse and remit to the Appellate Division for consideration of the facts pursuant to CPL 470.25 (2) (d) and 470.40 (2) (b)
 
 (see, People v Cona,
 
 49 NY2d 26, 34).
 

 Defendant’s remaining contentions have been considered and are without merit.
 

 Chief Judge Kaye and Judges Simons, Titone, Bellacosa, Smith, Levine and Ciparick concur.
 

 On appeal No. 1, order modified and case remitted to the Appellate Division, Fourth Department, for further proceedings in accordance with the memorandum herein. On appeal No. 2, order affirmed in a memorandum.