OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be affirmed.
 

 A jury convicted defendant of manslaughter in the first degree and criminal trespass in the second degree. Defendant moved to set aside the verdict on the manslaughter count, contending that a physician’s removal and withholding of a breathing tube from the comatose assault victim, at her family’s direction but without proven authorization from the victim, was a superseding cause that relieved him of criminal liability for her death. In unanimously affirming the judgment of conviction, the Appellate Division held that the evidence was overwhelming that defendant’s conduct in beating the victim was an actual contributory cause of her death (244 AD2d 946, citing
 
 Matter of Anthony M.,
 
 63 NY2d 270, 280).
 

 Defendant’s sole contention before this Court is a repetition of the same ground advanced in his postverdict motion. However, he never objected to the trial court’s omission of that issue in charging on superseding cause, nor did he move to dismiss on the basis of superseding cause before the case was submitted to the jury. Defendant did not preserve the argument by raising it, for the first time, in his motion to set aside the verdict (see,
 
 People v Lawrence,
 
 85 NY2d 1002, 1005). Thus, defendant’s present objection is unreviewable by this Court (see, CPL 470.05 [2];
 
 People v Robinson,
 
 88 NY2d 1000, 1002).
 

 Chief Judge Kaye and Judges Bellacosa, Smith, Levine, Ciparick and Wesley concur.
 

 Order affirmed in a memorandum.