■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY SMITH, Appellant. [697 NYS2d 258] —Judgment, Supreme Court, New York County (Bruce Allen, J., at hearing; Charles Solomon, J., at jury trial and sentence), rendered February 14, 1996, convicting defendant of robbery in the first degree (4 counts) and robbery in the second degree (2 counts), and sentencing him, as a second violent felony offender, to four concurrent terms of 12½ to 25 years concurrent with two concurrent terms of 7½ to 15 years, unanimously affirmed.

Defendant's suppression motion was properly denied. The record supports the hearing court's finding that there was probable cause to arrest defendant. The description of the robbery suspect, while general, was sufficiently specific (*see, People v Ward*, 182 AD2d 573, *lv denied* 81 NY2d 849) given the surrounding circumstances. At the time of his arrest, defendant

matched the description, which included a particular type of jacket, and was in the company of the codefendant, who had been identified by both victims in a photo array (*see, People v Pena*, 197 AD2d 426, *lv denied* 82 NY2d 928). Furthermore, the arresting officer was aware that, since the robbery, one of the victims had seen defendant on numerous occasions in the neighborhood, always in the company of the codefendant. Moreover, defendant told the officer that the codefendant was his girlfriend and that he customarily accompanied her. Accordingly, there was probable cause to arrest defendant (*see, Brinegar v United States*, 338 US 160, 175).

The record fails to support defendant's claim that, during summation, the prosecutor improperly accused defendant of exploiting his presence at trial in order to tailor his testimony. The challenged remark, read in context, was a fair response to a specific argument raised in defendant's summation and could not have been interpreted by the jury as penalizing defendant for exercising his right to testify and to be present during other testimony (*see, People v Cobo*, 245 AD2d 72, *lv denied* 91 NY2d 1006). Defendant's remaining challenges to the prosecutor's summation, as well as his challenges to the prosecutor's cross-examination, are unpreserved and we decline to review them in the interest of justice. Were we to review these claims, we would find that the challenged remarks and questions were proper (*see, People v Overlee*, 236 AD2d 133, *lv denied* 91 NY2d 976).

Defendant's request for a missing witness charge was properly denied since he failed to make a prima facie showing of any of the requirements for such a charge (*see, People v Gonzalez*, 68 NY2d 424). We note specifically that the missing witness had only a brief, casual friendship with the complainant and thus could not be expected to provide favorable testimony for the People (*People v Justice*, 202 AD2d 362, *lv denied* 83 NY2d 1004).

We perceive no abuse of discretion in sentencing. Concur—Sullivan, J. P., Nardelli, Tom, Mazzarelli and Friedman, JJ.