■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JULIUS ADAMS, Appellant. [708 NYS2d 766] —Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting him after a jury trial of manslaughter in the first degree (Penal Law § 125.20) and criminal possession of a weapon in the fourth degree (Penal Law § 265.01). County Court properly refused to admit in evidence the victim's psychiatric records in support of defendant's justification defense. In support of that defense, defendant presented evidence of the victim's anger at the time of the incident; defendant's knowledge that, shortly before the victim's death, the victim had choked defendant's girlfriend; and prior threats made by the victim against defendant and defendant's girlfriend (see, *People v Miller,* 39 NY2d 543, 551-552). Defendant failed, however, to present evidence that he was aware of the victim's psychiatric history at the time of the incident and thus failed to establish that the records were relevant to defendant's state of mind (see, *People v Trivette,* 175 AD2d 330, 332, *lv denied* 78 NY2d 1082). The violent behavior of the victim "and its effect on defendant's mental state were sufficiently before the jury to enable [it] to adequately consider the issue of self-defense. Thus, the evidence of [the victim's] psychiatric history would have been cumulative" (*People v Trivette, supra,* at 332; *cf., People v Chevalier,* 220 AD2d 114, 117-118, *affd* 89 NY2d 1050). (Appeal from Judgment of Monroe County Court, Smith, J.—Manslaughter, 1st Degree.) Present—Pine, J. P., Hayes, Scudder and Kehoe, JJ.

■ In the Matter of BRANDON B., a Child Alleged to be Neglected. ERIE COUNTY DEPARTMENT OF SOCIAL SERVICES, Appellant; LINDA B., Respondent. [708 NYS2d 652] —Order unanimously reversed on the law without costs and matter remitted to Erie County Family Court for further proceedings on the petition. Memorandum: Family Court erred in ordering this neglect proceeding adjourned in contemplation of dismissal. Such an adjournment may not be ordered without the consent of petitioner (see, Family Ct Act § 1039 [a]; *Matter of Regina X.,* 132 AD2d 666; *Matter of Amlinger v Amlinger,* 73 AD2d 1047). (Appeal from Order of Erie County Family Court, Battle, J.— Neglect.) Present—Pine, J. P., Hayes, Scudder and Kehoe, JJ.