■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THURSDAY ADDISON, Appellant. [738 NYS2d 583] —Appeal by the defendant from a judgment of the Supreme Court, Westchester County (West, J.), rendered November 5, 1999, convicting him of manslaughter in the second degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the evidence was legally insufficient to establish that he acted recklessly in causing the death of the victim is unpreserved for appellate review (*see,* CPL 470.05 [2]; *People v Finger,* 95 NY2d 894). In any event, viewing the evidence in the light most favorable to the People (*see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt of manslaughter in the second degree beyond a reasonable doubt (*see, People v Keefer,* 197 AD2d 915, 916). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see,* CPL 470.15 [5]).

Contrary to the defendant's contention, the trial court properly denied his request for a missing witness charge since he failed to make a prima facie showing that the witness would be expected to testify favorably for the People in their case against him (*see, People v Gonzalez,* 68 NY2d 424, 427; *People v Smith,* 265 AD2d 235, 236). Even if the defendant had made such a prima facie showing, the People demonstrated that the witness was not under their control (*see, People v Nasario,* 258 AD2d 599, 600).

The sentence imposed was not excessive (*see, People v Suitte,* 90 AD2d 80). Altman, J.P., Adams, Townes and Prudenti, JJ., concur.