■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE FELICIANO, Appellant. [748 NYS2d 687] —Appeal by the defendant from a judgment of the Supreme Court, Westchester County (West, J.), rendered December 13, 2000, convicting him of manslaughter in the second degree, assault in the second degree, reckless endangerment in the second degree, leaving the scene of an incident without reporting, criminal possession of stolen property in the fifth degree, reckless driving, aggravated unlicensed operation of a motor vehicle in the second degree, driving at an unsafe and imprudent speed, failing to stop at a steady red light, and operating a motor vehicle with a fictitious certificate of inspection, after a nonjury trial, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the evidence was legally insufficient to establish his guilt of manslaughter in the second degree and assault in the second degree is unpreserved for appellate review (see People v Thomas, 266 AD2d 571; People v James, 265 AD2d 427). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt.

Moreover, resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the trier of fact, who saw and

heard the witnesses (*see People v Gaimari,* 176 NY 84). The determination of the trier of fact should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (*see People v Garafolo,* 44 AD2d 86). Upon the exercise of our factual review power, we are satisfied that the verdict of guilt of manslaughter in the second degree and assault in the second degree was not against the weight of the evidence (*see* CPL 470.15 [5]).

The defendant's remaining contention is without merit. S. Miller, J.P., Krausman, Goldstein and Rivera, JJ., concur.