■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEAN HENRIUS, Appellant. [774 NYS2d 400]—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Chambers, J.), rendered September 21, 2000, convicting him of manslaughter in the second degree, reckless endangerment in

the second degree (two counts), criminal possession of a weapon in the third degree, and leaving the scene of an incident without reporting, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the evidence was legally insufficient to establish that he acted recklessly in causing the death of the victim is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Gray,* 86 NY2d 10, 19-21 [1995]; *People v Addison,* 290 AD2d 453 [2002]; *see also People v Laraby,* 92 NY2d 932, 933 [1998]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt of manslaughter in the second degree beyond a reasonable doubt (*see People v Feliciano,* 298 AD2d 598 [2002]; *People v Patti,* 229 AD2d 506 [1996]).

Contrary to the defendant's contention, the trial court acted within its discretion in permitting the prosecution to present rebuttal testimony (*see* CPL 260.30 [7]; *People v Harris,* 98 NY2d 452, 489-490 [2002]; *People v Harris,* 57 NY2d 335, 345 [1982], *cert denied* 460 US 1047 [1983]; *People v James,* 285 AD2d 561 [2001]).

The sentence imposed was not excessive (*see People v Suitte,* 90 AD2d 80 [1982]).

The defendant's remaining contentions are unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Balls,* 69 NY2d 641, 642 [1986]; *People v Jones,* 294 AD2d 517 [2002]), and in any event, do not warrant a reversal in view of the overwhelming evidence of the defendant's guilt (*see People v Crimmins,* 36 NY2d 230 [1975]; *People v Singh,* 299 AD2d 498 [2002]). Santucci, J.P., S. Miller, Schmidt and Townes, JJ., concur.