■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JACQUELINE WIMBERLY, Appellant. [798 NYS2d 470]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Leventhal, J.), rendered July 14, 2003, convicting her of manslaughter in the second degree and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the prosecution failed to disprove her justification defense beyond a reasonable doubt is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Gray*, 86 NY2d 10, 19 [1995]) and, in any event, is without merit. Justification is not a defense to the use of deadly physical force unless the defendant reasonably believed that the victim was about to use deadly physical force against her and she was unable to retreat safely (*see* Penal Law § 35.15 [2] [a]; *People v Goetz*, 68 NY2d 96 [1986]; *People v Ramirez*, 269 AD2d 611 [2000]). The prosecution adduced legally sufficient evidence to prove that, after an initial confrontation with the victim, the defendant retreated to her apartment and the victim remained in the hallway. Thereafter, the defendant emerged from her apartment with a large kitchen knife and followed the unarmed victim out to the vestibule of the building, where she stabbed him. Even assuming that, at this point, the defendant had a reasonable belief, based on prior assaults and the victim's threatening movement, that the victim was about to use deadly force against her, she violated her duty to retreat since she could have stayed in her apartment with complete safety. On these facts, the defense of justification was not available to the defendant (*see People v Aiken*, 4 NY3d 324 [2005]; *People v Hernandez*, 98 NY2d 175 [2002]; *People v Ramirez*, 269 AD2d 611 [2000]; *People v Snell*, 256 AD2d 480 [1998]). Moreover, the defendant's conflicting testimony presented a credibility issue for the jury to resolve. The jury's finding that the defendant's conduct was not justified was not against the weight of the evidence (*see* CPL 470.15 [5]; *People v Bleakley*, 69 NY2d 490 [1987]). Florio, J.P., Schmidt, Adams and Mastro, JJ., concur.