■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GARY DEFILIPPO, Appellant. [953 NYS2d 663]—

Appeal by the defendant from a judgment of the Supreme Court, Richmond County (Rooney, J.), rendered March 5, 2009, convicting him of assault in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant was convicted of assault in the second degree, as defined by Penal Law § 120.05 (2), in connection with an incident that occurred inside the South Shore Country Club on Staten Island, during which one of the complainant's eyeballs was punctured and, consequently, had to be surgically removed.

The defendant's contention that the evidence was legally insufficient to disprove his justification defense beyond a reasonable doubt is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Hawkins*, 11 NY3d 484, 492 [2008]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to disprove the defendant's justification defense beyond a reasonable doubt (*see* Penal Law § 35.15), and to establish that the defendant used a dangerous instrument when he struck the complainant (*see* Penal Law §§ 10.00 [13]; 120.05 [2]). Additionally, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342, 348 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

Contrary to the defendant's contention, the Supreme Court's *Sandoval* ruling (*see People v Sandoval*, 34 NY2d 371 [1974]) was not an improvident exercise of discretion (*see People v Hayes*, 97 NY2d 203, 208 [2002]; *People v Walker*, 83 NY2d 455, 459 [1994]).

The Supreme Court did not improvidently exercise its discretion in denying the defendant's request to present an expert witness to testify as to the complainant's psychiatric condition following the subject incident, as such testimony was not relevant to the justification defense (*see People v Adams*, 272 AD2d 953 [2000]; *see generally People v Hill*, 85 NY2d 256, 261 [1995]; *People v Cronin*, 60 NY2d 430, 433 [1983]).

The defendant's remaining contentions are unpreserved for appellate review and, in any event, without merit. Rivera, J.P., Angiolillo, Chambers and Roman, JJ., concur.