The defendant’s contention that the evidence was legally insufficient to establish that he acted recklessly in causing the death of the victim is unpreserved for appellate review (see CPL 470.05 [2]; People v Gray, 86 NY2d 10 [1995]; People v Henrius, 6 AD3d 548 [2004]; People v Addison, 290 AD2d 453 [2002]). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant’s guilt of manslaughter in the second degree beyond a reasonable doubt (see Penal Law § 15.05 [3]; People v Henrius, 6 AD3d at 549; People v Dewese, 198 AD2d 430, 430-431 [1993]).
The defendant’s contention that the People did not disprove his justification defense beyond a reasonable doubt is unpreserved for appellate review (see People v Garguilio, 57 AD3d 797 [2008]; People v Terrero, 31 AD3d 672 [2006]; People v Wimberly, 19 AD3d 518 [2005]). In any event, the evidence, when viewed in the light most favorable to the prosecution, was legally sufficient to disprove the defendant’s justification defense beyond a reasonable doubt (see Penal Law § 35.15; People v Terrero, 31 AD3d at 673; People v Wimberly, 19 AD3d at 518; People v Durand, 188 AD2d 747 [1992]). Upon our independent review of the evidence pursuant to CPL 470.15 (5), we are satisfied *902 that the rejection of the justification defense and the verdict of guilt on the count of manslaughter in the second degree were not against the weight of the evidence (see People v Romero, 7 NY3d 633 [2006]).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80 [1982]). Dillon, J.P., Chambers, Sgroi and Miller, JJ., concur.