■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS KING, Appellant. [973 NYS2d 923]—Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Honorof, J.), rendered July 20, 2011, convicting him of assault in the second degree and criminal possession of a weapon in the fourth degree, upon a jury verdict, and sentencing him to a determinate term of imprisonment of six years plus a period of three years of postrelease supervision on the conviction of assault in the second degree, and a definite term of incarceration of one year on the count of criminal possession of a weapon in the fourth degree, to run concurrently.

Ordered that the judgment is modified, as a matter of discretion in the interest of justice, by reducing the determinate term of imprisonment imposed on the conviction of assault in the second degree from six years to four years; as so modified, the judgment is affirmed.

The defendant's contention that the evidence was legally insufficient to disprove his justification defense beyond a reasonable doubt is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Hawkins*, 11 NY3d 484, 492-493 [2008]; *People v Huddleston*, 101 AD3d 901 [2012]; *People v Cintron*, 72 AD3d 699 [2010]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to disprove the defendant's justification defense beyond a reasonable doubt. Moreover, upon our independent review of the evidence pursuant to CPL 470.15 (5), we are satisfied that the jury's rejection of the justification defense was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

Contrary to the defendant's contention, the Supreme Court did not err in limiting the defendant's cross-examination of a certain prosecution witness (*see People v Rivera*, 98 AD3d 529 [2012]; *People v Baez*, 59 AD3d 635 [2009]; *People v Stevens*, 45 AD3d 610, 611 [2007]).

The sentence imposed was excessive to the extent indicated herein. Rivera, J.P., Balkin, Chambers and Sgroi, JJ., concur.