Judgment, Supreme Court, Bronx County (Ann M. Donnelly, J.), rendered January 13, 2012, convicting defendant, after a jury trial, of murder in the second degree and criminal possession of a weapon in the second degree, and sentencing him to an aggregate term of 25 years to life, unanimously affirmed.
Defendant’s legal sufficiency claim is unpreserved and we decline to review it in the interest of justice. As an alternative holding, we reject it on the merits. We also find that the verdict was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the jury’s credibility determinations. The People disproved defendant’s justification defense beyond a reasonable doubt (see e.g. People v Wimberly, 19 AD3d 518 [2d Dept 2005], lv denied 5 NY3d 811 [2005]).
Although defendant asked the court to delete the concept of duty to retreat (see Penal Law § 35.15 [2] [a]) from its justification charge, he did so on a different ground from the ground he asserts on appeal, and never asserted that there was a factual issue regarding whether the homicide occurred in his dwelling. Accordingly, his present challenge to the court’s charge is unpreserved and we decline to review it in the interest of justice. As an alternative holding, we conclude that there was no reasonable view of the evidence upon which to relieve defendant of the duty to retreat pursuant to Penal Law § 35.15 (2) (a) (i), and no factual issue in this regard requiring submission to the jury. In any event, any error in the court’s justification charge was harmless (see People v Petty, 7 NY3d 277, 285-286 [2006]).
We perceive no basis for reducing the sentence.
The decision and order of this Court (115 AD3d 562 [2014]) *615 entered herein on March 20, 2014 is hereby recalled and vacated. Concur — Tom, J.P., Friedman, Manzanet-Daniels, Gische and Clark, JJ.