■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANDRES BOCHI, Appellant. [989 NYS2d 301]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Modica, J.), rendered November 23, 2011, convicting him of assault in the second degree and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the testimony that the defendant previously attempted to stab the complainant was properly admitted because it was probative of the defendant's intent, and rebutted the defense of justification (*see People v Williams*, 97 AD3d 769, 770 [2012]; *People v Martinez*, 53 AD3d 508, 509 [2008]; *People v James*, 19 AD3d 616 [2005]; *People v Lawrence*, 4 AD3d 436 [2004]; *People v Williams*, 296 AD2d 560 [2002]). Moreover, the probative value of that evidence outweighed any prejudice to the defendant (*see People v Ventimiglia*, 52 NY2d 350, 359-360 [1981]).

The defendant's contention that the evidence was legally insufficient to disprove his justification defense beyond a reasonable doubt is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v King*, 110 AD3d 1100, 1101 [2013]; *People v Landri*, 104 AD3d 791 [2013]; *People v Huddleston*, 101 AD3d 901 [2012]; *People v DeFilippo*, 100 AD3d 767, 768 [2012]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to disprove the defendant's justification defense beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe their demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record, we are satisfied that the rejection of the justification defense and the verdict of guilt were not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80, 85-86 [1982]). Rivera, J.P., Hall, Sgroi and Maltese, JJ., concur.