■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILBUR WRIGHT, Appellant. [989 NYS2d 341]—

Appeal by the defendant from a judgment of the County Court, Suffolk County (Kahn, J.), rendered April 6, 2012, convicting him of predatory sexual assault against a child and use of a child in a sexual performance, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's arguments regarding a videotape that was admitted into evidence and played for the jury are without merit. The County Court did not improvidently exercise its discretion in admitting the videotape into evidence (*see People v Addison*, 107 AD3d 730, 730-731 [2013]; *see generally People v Patterson*, 93 NY2d 80, 84 [1999]). The playing of the videotape did not improperly bolster any testimony (*see generally People v Buie*, 86 NY2d 501, 509-510 [1995]). Further, under the circumstances, the court did not deny the defendant his right to confront the victim when it precluded the defendant from playing the videotape while cross-examining her (*see People v King*, 110 AD3d 1100, 1101 [2013]; *People v Castellanos*, 65 AD3d 555, 557 [2009]; *People v Knudsen*, 34 AD3d 496, 497 [2006]).

The County Court did not improvidently exercise its discretion in permitting the People to call a psychologist to give

certain testimony. That testimony explained behavior of sexual abuse victims that jurors might not be expected to understand (*see People v Persaud*, 98 AD3d 527, 528 [2012]).

The defendant's remaining contentions are without merit. Balkin, J.P., Leventhal, Maltese and LaSalle, JJ., concur.