# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**864**

**KA 12-01687**

PRESENT: SCUDDER, P.J., PERADOTTO, CARNI, AND LINDLEY, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                              MEMORANDUM AND ORDER

CHAZ K. DAVIS, DEFENDANT-APPELLANT.

---

DAVISON LAW OFFICE PLLC, CANANDAIGUA (MARY P. DAVISON OF COUNSEL), FOR
DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (ERIN TUBBS OF COUNSEL),
FOR RESPONDENT.

---------------------------------------------------------------------------------------------------------

Appeal from a judgment of the Monroe County Court (Vincent M.
Dinolfo, J.), rendered March 12, 2012.  The judgment convicted
defendant, upon a nonjury verdict, of criminal sale of a controlled
substance in the first degree and criminal possession of a controlled
substance in the third degree (two counts).

It is hereby ORDERED that the judgment so appealed from is
unanimously affirmed.

Memorandum:  Defendant appeals from a judgment convicting him,
upon a nonjury verdict, of criminal sale of a controlled substance in
the first degree (Penal Law § 220.43 [1]) and two counts of criminal
possession of a controlled substance in the third degree (§ 220.16
[1], [12]).  We reject defendant's contention that the verdict is
against the weight of the evidence because one of the People's
witnesses, a confidential informant who testified pursuant to a
cooperation agreement, was not credible.  " 'In a bench trial, no less
than a jury trial, the resolution of credibility issues by the trier
of fact and its determination of the weight to be accorded the
evidence presented are entitled to great deference' " (*People v McCoy*,
100 AD3d 1422, 1422; *see People v Hollins*, 278 AD2d 932, 932, *lv
denied* 96 NY2d 759).  Here, viewing the evidence in light of the
elements of the crimes in this nonjury trial (*see People v Danielson*,
9 NY3d 342, 349), we conclude that the verdict is not against the
weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490,
495).

Contrary to the further contention of defendant, we conclude that
County Court properly denied defendant's motion to dismiss the
indictment based upon New York State's alleged violation of the
Interstate Agreement on Detainers (IAD or Agreement) (*see* CPL 580.20).
The IAD is a compact entered into by, inter alia, the United States

and New York State and which, as relevant here, "prescribes procedures by which a member State may obtain for trial a prisoner incarcerated in another member jurisdiction" (*United States v Mauro*, 436 US 340, 343; *see New York v Hill*, 528 US 110, 111; *People v Reilly*, 136 AD2d 355, 359, *lv denied* 72 NY2d 865).  It is well established that "the provisions of the Agreement are triggered only when a 'detainer' is filed with the custodial (sending) State by another State (receiving) having untried charges pending against the prisoner" (*Mauro*, 436 US at 343; *see* CPL 580.20, art IV [a]).  Here, defendant's attendance in state court was secured pursuant to a writ of habeas corpus ad prosequendum, and not pursuant to the IAD (*see* CPL 580.30).  Because New York "never filed a detainer against [defendant], the Agreement never became applicable and [New York] was never bound by its provisions" (*Mauro*, 436 US at 361).

We further conclude that there is no merit to defendant's contention that he was improperly sentenced as a second felony drug offender (*see* Penal Law § 70.71 [1] [b]).  Defendant's conviction of 21 USC § 841 (a) for possession with intent to distribute more than five grams of cocaine base is equivalent to a conviction of criminal possession of a controlled substance in the third degree, a class B felony (*see* Penal Law § 220.16), and thus he was properly adjudicated a second felony drug offender (*see People v Reilly*, 273 AD2d 143, 143, *lv denied* 95 NY2d 937; *see also People v Yensi*, 251 AD2d 262, 263, *lv denied* 92 NY2d 932; *see generally People v Muniz*, 74 NY2d 464, 467-468).

Finally, the sentence is not unduly harsh or severe.

Entered:  September 26, 2014                    Frances E. Cafarell
                                                Clerk of the Court