People v Sherwood (2019 NY Slip Op 09300)





People v Sherwood


2019 NY Slip Op 09300


Decided on December 24, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 24, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
JEFFREY A. COHEN
ROBERT J. MILLER
COLLEEN D. DUFFY, JJ.


2014-11268
 (Ind. No. 1115/13)

[*1]The People of the State of New York, respondent,
v
Kenton Sherwood, appellant.


Scott G. Cerbin, Esq., PLLC, Brooklyn, NY, for appellant.
Madeline Singas, District Attorney, Mineola, NY (Hilda Mortensen and Amanda Manning of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Helene F. Gugerty, J.), rendered November 17, 2014, convicting him of assault in the second degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant was convicted of assault in the second degree arising out of an altercation between him and his wife on February 17, 2013. At trial, the People introduced into evidence video footage taken from an eyewitness's cell phone allegedly depicting the defendant during the incident.
Contrary to the defendant's contention, the Supreme Court did not improvidently exercise its discretion in admitting the video footage, as the People presented sufficient evidence that the video footage accurately represented the events depicted (see People v Patterson, 93 NY2d 80, 84; People v Martinez, 164 AD3d 1260, 1262-1263; People v France, 120 AD3d 1357, 1357). The defendant's contention that certain testimony of a police officer regarding the video footage constituted impermissible hearsay is unpreserved for appellate review (see CPL 470.05[2]; People v Dorcinvil, 122 AD3d 874, 876; People v Velsor, 73 AD3d 819, 820). In any event, the challenged testimony was properly admitted for the relevant, nonhearsay purpose of establishing the reasons behind the police officer's actions and to complete the narrative of events leading to the defendant's arrest (see People v Nabi, 165 AD3d 1292, 1294; People v Ragsdale, 68 AD3d 897, 897-898).
The defendant also contends that certain remarks made by the prosecutor during trial regarding the video footage violated the unsworn witness rule and that the playing of the video footage during the examination of several of the People's witnesses usurped the jury's role as fact-finder. These contentions are largely unpreserved for appellate review and, in event, are without merit (see CPL 470.05[2]; People v Wright, 119 AD3d 823, 823; People v Heesh, 94 AD3d 1159, 1162; People v Bey, 71 AD3d 1156, 1156; People v Rivera, 27 AD3d 491, 492).
BALKIN, J.P., COHEN, MILLER and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court