People v LaValley (2025 NY Slip Op 00759)

People v Lavalley

2025 NY Slip Op 00759

Decided on February 7, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 7, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CURRAN, MONTOUR, GREENWOOD, AND HANNAH, JJ.

716 KA 22-01445

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
KEENAN LAVALLEY, DEFENDANT-APPELLANT. 

DAVID J. PAJAK, ALDEN, FOR DEFENDANT-APPELLANT.
MICHAEL J. KEANE, ACTING DISTRICT ATTORNEY, BUFFALO (APRIL J. ORLOWSKI OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Erie County Court (Susan M. Eagan, J.), rendered November 1, 2021. The judgment convicted defendant, upon a jury verdict, of sexual abuse in the first degree (two counts) and endangering the welfare of a child. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting him, upon a jury verdict, of two counts of sexual abuse in the first degree (Penal Law § 130.65 [3], [4]) and endangering the welfare of a child (§ 260.10 [1]), defendant contends that the conviction with respect to the sexual abuse counts, i.e., counts 2 and 4, is not supported by legally sufficient evidence because the People failed to establish the location and time of the crimes as set forth in the indictment and bill of particulars. Defendant failed to preserve his contention with respect to count 2 of the indictment because he did not raise it as a basis for a trial order of dismissal of that count (see People v Hawkins, 11 NY3d 484, 492 [2008]; see also People v Cooley, 220 AD3d 1189, 1189 [4th Dept 2023], lv denied 41 NY3d 964 [2024]). Further, defendant did not preserve it when he raised it for the first time in his CPL 330.30 motion to set aside the verdict (see People v Lawrence, 85 NY2d 1002, 1005 [1995]; People v Green, 46 AD3d 324, 324 [1st Dept 2007], lv denied 10 NY3d 840 [2008]). Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621 [1983]), we reject defendant's contention that the evidence is legally insufficient to support the conviction of count 4 of the indictment (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). In particular, the victim's testimony established that defendant, during the relevant time frame and while in Erie County, touched the five-year-old victim's vagina under her clothes with his hand. The precise address of where the crime occurred is not an element of the crime of sexual abuse in the first degree (see People v Slingerland, 101 AD3d 1265, 1266 [3d Dept 2012], lv denied 20 NY3d 1104 [2013]). Thus, where the relevant address is not a "material ingredient" of the crime, the People may prove an address different from that alleged in the indictment as supplemented by the bill of particulars (People v Reid, 218 AD3d 1273, 1276 [4th Dept 2023] [internal quotation marks omitted]).
We also reject defendant's contention that the verdict is against the weight of the evidence. " 'Where, as here, witness credibility is of paramount importance to the determination of guilt or innocence, we must give great deference to the jury, given its opportunity to view the witnesses and observe their demeanor' " (People v Barnes, 158 AD3d 1072, 1073 [4th Dept 2018], lv denied 31 NY3d 1011 [2018]). Viewing the evidence in light of the elements of the crimes as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that, although a different verdict would not have been unreasonable, the jury did not fail to give the evidence the weight it should be accorded (see generally Bleakley, 69 NY2d at 495).
As defendant correctly concedes, his contention that count 6, for endangering the welfare of a child, should be dismissed as duplicative of count 4 of the indictment is not preserved for our review (see People v Hursh, 191 AD3d 1453, 1454 [4th Dept 2021], lv denied 37 NY3d 957 [*2][2021]), and we decline to exercise our power to review it as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]).
We also reject defendant's contention that the sentence is unduly harsh and severe. Finally, we have reviewed defendant's remaining contention and conclude that it does not warrant modification or reversal of the judgment.
Entered: February 7, 2025
Ann Dillon Flynn
Clerk of the Court