■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GINO VIZZARI, Appellant.—Judgment of the County Court, Westchester County (Martin, J.), rendered August 16, 1983, affirmed *(see, People v Pellegrino,* 60 NY2d 636; *cf. People v Billingsley,* 54 NY2d 960). Lazer, J. P., Bracken, Brown, Lawrence and Kooper, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BERNARDINE WAITERS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Linakis, J.), rendered October 1, 1984, convicting her of manslaughter in the second degree, upon a jury verdict, and imposing sentence.

Judgment affirmed.

The defendant was convicted of reckless manslaughter for stabbing the deceased in the heart with a kitchen knife. She called the police to the scene and, without being questioned, told the officers that the victim had been hitting her and that she had stabbed him in self-defense. When one of the officers asked her where the knife was, she pointed to it on a table. The officer's inquiry and his seizure of the knife were justifiable for safety reasons and did not violate the defendant's constitutional right against self-incrimination *(see, New York v Quarles,* 467 US 649). Furthermore, her initial statements were spontaneous and entirely voluntary. The defendant's subsequent videotaped confession was made after she was fully informed of her rights pursuant to *Miranda v Arizona* (384 US 436) and knowingly and intelligently waived them. The verdict was based on a reasonable view of the evidence.

We have examined the defendant's remaining contentions, including the argument that her sentence was excessive, and find them to be either unpreserved or without merit. Thompson, J. P., Rubin, Lawrence and Kunzeman, JJ., concur.