■ The People of the State of New York, Respondent, v Chris Sellers, Appellant.—Appeal by the defendant from a judgment of the County Court, Dutchess County (Marlow, J.), rendered April 17, 1984, convicting him of manslaughter in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant was convicted of manslaughter in the first degree for stabbing Roxy Aldred to death during a fight. In a statement given to the police, and admitted into evidence at the trial, the defendant stated that it was Aldred who introduced the knife into the fight and that he (the defendant) only used it in self-defense after it came into his hands.

On appeal the defendant contends that the trial court erred in allowing testimony to the effect that three days prior to the stabbing, the defendant was seen with a knife virtually identical to the knife he was seen with at the fight, and that he had stated at that time that he would use it to protect himself because people were against him. We conclude, however, that the testimony was properly admitted to refute the defense of justification and on the issue of whether or not it was the victim who introduced the knife into the fray. The probative value of the knife clearly outweighed its prejudicial effect (see, People v Ventimiglia, 52 NY2d 350; People v Allweiss, 48 NY2d 40; cf., People v Paschall, 91 AD2d 645).

We have examined the contentions in the defendant's pro se supplemental brief and find them to be without merit. Rubin, J. P., Kooper, Sullivan and Harwood, JJ., concur.