■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ELIJAH INGRAM, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Rotker, J.), rendered August 28, 1989, convicting him of manslaughter in the first degree and criminal possession of a weapon in the second degree, after a nonjury trial, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress statements made by him to law enforcement officials and physical evidence.

Ordered that the judgment is affirmed.

At approximately 12:15 P.M. on October 3, 1988, Police Officer Conklin responded to 453 Beach 40th Street, Queens, with his partner, in response to a radio transmission reporting "shots fired, man shot", at Apartment 2 F. When the officers arrived at that location a woman told them that someone had apparently been shot on the second floor of the building and had been taken to the hospital. When Officer Conklin proceeded to the second floor, he observed blood in the hallway and lobby and in the stairwell. The officers saw the defendant in the hallway, and asked him what he was doing. The defendant replied: "You probably are coming for me; I just shot my son", and put his hands up in the air. Then, during the pat-down of the defendant, which revealed no weapon, and as the defendant was being handcuffed, Officer Conklin asked where the gun was, without the prior administration of the *Miranda* warnings. The defendant replied that it was in the apartment under the bed. Accompanied by the defendant, the officers proceeded to the apartment, where the defendant's wife and two small grandchildren had remained, and recovered the gun. A subsequent search of the apartment approximately 45 minutes later by other investigating officers, resulted in the recovery of further ballistics evidence.

The police officer's inquiry seeking to ascertain the where-

abouts of the gun, while in the act of apprehending the defendant, was admissible under the public safety exception to the *Miranda* rule *(New York v Quarles,* 467 US 649; *see also, People v Chatman,* 122 AD2d 148; *People v Waiters,* 121 AD2d 414).* Under these circumstances, the officer's question was reasonably prompted by a concern to secure the safety of the investigating officers and the safety of the public and was not solely motivated for the purpose of eliciting testimonial evidence *(cf., Matter of John C.,* 130 AD2d 246).* Accordingly, the court properly denied that branch of the defendant's omnibus motion which was to suppress the statement and the physical evidence recovered from the scene of the crime. Thompson, J. P., Kunzeman, Eiber and Miller, JJ., concur.