■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEPHEN ALLEN, Appellant. [658 NYS2d 1006] —Application by the appellant for a writ of error coram nobis to vacate, on the ground of ineffective assistance of appellate counsel, a decision and order of this Court dated July 9, 1990 (People v Allen, 163 AD2d 396), affirming a judgment of the Supreme Court, Kings County, rendered July 2, 1986.

Ordered that the application is denied.

The appellant has failed to establish that he was denied the effective assistance of appellate counsel (see, Jones v Barnes, 463 US 745). Rosenblatt, J. P., Miller, Ritter and Thompson, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILBERT ALLEN, Appellant. [658 NYS2d 393] —Appeal by the defendant from a judgment of the County Court, Nassau County (Mogil, J.), rendered June 22, 1995, convicting him of assault in the second degree and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress physical evidence and statements.

Ordered that the judgment is affirmed.

The defendant walked into a police precinct, his clothing stained with what appeared to be blood, approached the officer at the front desk, and informed her that "I want to turn myself in, I just stabbed my girlfriend". The officer asked him where the knife was and the defendant said "I have it right here".

The question regarding the knife was permissible under the public safety exception to the Miranda rule enunciated in New York v Quarles (467 US 649; see, People v Cole, 165 Cal App 3d 41, 211 Cal Rptr 242).

The defendant was not deprived of the effective assistance of counsel. The jury had before it overwhelming evidence of guilt. In an effort to obtain acquittal on the counts of assault in the first degree and assault in the second degree, counsel argued that the defendant's conduct was merely reckless and that the victim did not suffer serious physical injury. This was "a trial strategy that might well have been pursued by a reasonably competent attorney" (People v Satterfield, 66 NY2d 796, 799).

The defendant's remaining contentions are without merit. Joy, J. P., Goldstein, Florio and Luciano, JJ., concur.