■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARLON RAPLEY, Appellant. [741 NYS2d 40] —Appeal by the defendant from a judgment of the County Court, Orange County (Berry, J.), rendered April 16, 1998, convicting him of criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress physical evidence and statements he made to law enforcement officials.

Ordered that the judgment is affirmed.

Contrary to the defendant's contentions, the hearing court properly denied those branches of his omnibus motion which were to suppress physical evidence and his statements to the police. A police detective received a telephone call from a woman he knew, who told him that two men were threatening her son, and that one of them had a gun in his boot. She provided a description of the two men. Thus, when the detective and his partner arrived at the scene within a matter of minutes, they properly stopped and frisked the defendant and his companion, who matched the descriptions of the two men given by the citizen informant, and recovered a handgun (*see, People v Ellison,* 222 AD2d 693; *People v Chin,* 178 AD2d 423; *People v Davis,* 166 AD2d 604). The police recovery of the handgun provided probable cause to arrest the defendant (*see, People v Thorne,* 184 AD2d 797). Moreover, the officer's question, "where's the gun?," asked while he was frisking the defendant, did not have to be preceded by *Miranda* warnings (*see, Miranda v Arizona,* 384 US 436). "[T]he question posed was not an interrogation aimed at eliciting an incriminating statement * * * but rather was to ensure the officer's safety" (*People v Jenkins,* 208 AD2d 459, 460; *see, People v Ingram,* 177 AD2d 650).

The defendant's further contention that the People failed to prove his guilt beyond a reasonable doubt is without merit. Viewing the evidence in the light most favorable to the People (*see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reason-

able doubt. Moreover, resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses (*see, People v Gaimari,* 176 NY 84). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (*see, People v Garafolo,* 44 AD2d 86). Upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see,* CPL 470.15 [5]).

The defendant's remaining contentions are unpreserved for appellate review (*see,* CPL 470.05 [2]). Feuerstein, J.P., O'Brien, Luciano and Townes, JJ., concur.