■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAZZMIN D. WILLIAMS, Appellant. [745 NYS2d 700] —Appeal by the defendant from a judgment of the County Court, Dutchess County (Marlow, J.), rendered November 30, 1998, convicting him of murder in the second degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress physical evidence and statements made by him to law enforcement officials.

Ordered that the judgment is affirmed.

The testimony that the defendant shot at the victim's friend shortly before the date of the incident was probative on the issues of motive and intent, and to rebut the defense of justification (*see People v Alvino,* 71 NY2d 233; *People v Jones,* 289 AD2d 257). Moreover, the probative value of that evidence outweighed any prejudice to the defendant, particularly in light of the County Court's cautionary instruction that the evidence was to be considered only on the issue of whether the defendant was the initial aggressor (*see People v Corella,* 281 AD2d 428). Accordingly, the County Court providently exercised its discretion in admitting that evidence.

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt of depraved indifference murder beyond a reasonable doubt (*see People v Roe,* 74 NY2d 20; *People v Smith,* 255 AD2d 404).

The various remarks made by the prosecutor in his closing statement, which the defendant contends are improper, were either fair comment on the evidence, permissive rhetorical comment, responsive to defense counsel's summation (*see People v Ashwal,* 39 NY2d 105; *People v Sostre,* 282 AD2d 766), or not so prejudicial as to constitute reversible error in light of the overwhelming evidence of the defendant's guilt (*see People v Crimmins,* 36 NY2d 230; *People v Williams,* 247 AD2d 643).

The hearing court's finding that the warrantless entry of police officers into the defendant's apartment was effected with the voluntary consent of the defendant's mother is supported by the record and will not be disturbed on appeal (*see People v Thomas,* 223 AD2d 612). In any event, under the totality of the circumstances in this case, the warrantless entry was proper due to the existence of exigent circumstances (*see People v Green,* 103 AD2d 362).

The sentence imposed was not excessive (*see People v Suitte,* 90 AD2d 80).

The defendant's remaining contention is unpreserved for appellate review and, in any event, is without merit. Santucci, J.P., McGinity, Luciano and Adams, JJ., concur.