■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALLEN E. TAYLOR, Appellant. [754 NYS2d 480] —Appeal from a judgment of Erie County Court (McCarthy, J.), entered July 25, 2000, convicting defendant upon his plea of guilty of murder in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon his plea of guilty of murder in the second degree (Penal Law § 125.25 [1]) for the stabbing death of his girlfriend, defendant contends that his general waiver of the right to appeal does not encompass County Court's suppression ruling. We reject that contention (*see generally People v Kemp,* 94 NY2d 831, 833). In any event, the record supports the court's determination that the statements of defendant to the police before he received *Miranda* warnings were spontaneous and not the result of police interrogation or its functional equivalent (*see People v Engert,* 263 AD2d 959, *lv denied* 93 NY2d 1017). The question asked by the police concerning the location of the murder weapon falls within the public safety exception to the *Miranda* rule, inasmuch as it was "reasonably prompted by a concern to secure the safety of the investigating officers * * *

and was not solely motivated for the purpose of eliciting testimonial evidence" (*People v Ingram*, 177 AD2d 650, 651, *lv denied* 79 NY2d 858). The record also supports the court's determination that defendant thereafter knowingly and voluntarily waived his *Miranda* rights (*see People v Williams*, 62 NY2d 285, 287; *see also Engert,* 263 AD2d 959). The waiver by defendant of the right to appeal encompasses his further contention concerning the severity of the sentence (*see People v Hidalgo,* 91 NY2d 733, 737). Present—Pigott, Jr., P.J., Pine, Wisner, Kehoe and Gorski, JJ.