■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHAWN LA BAR, Appellant. [791 NYS2d 233]—

Appeal from a judgment of the Steuben County Court (Joseph W. Latham, J.), rendered February 18, 2003. The judgment convicted defendant, upon his plea of guilty, of attempted sodomy in the first degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of attempted sodomy in the first degree (Penal Law § 110.00, former § 130.50 [3]). By pleading guilty, defendant forfeited his right to appellate review of his contention regarding the People's alleged failure to comply with the notice requirements of CPL 710.30 (*see People v Taylor*, 65 NY2d 1, 5-6 [1985]; *People v Irvis*, 301 AD2d 782, 783 [2003], *lv denied* 99 NY2d 655 [2003]). The general waiver by defendant of the right to appeal encompasses his contention that County Court erred in denying his motion to suppress his statements (*see People v Bennett*, 12 AD3d 1177, 1178 [2004]; *People v Taylor*, 302 AD2d 868 [2003], *lv denied* 99 NY2d 658 [2003]; *People v Davidson*, 298 AD2d 854, 855 [2002], *lv denied* 99 NY2d 557 [2002]). The waiver of the right to appeal also encompasses the further contentions of defendant that the court abused its discretion in denying both his request for an adjournment of

the *Huntley* hearing to obtain a transcript from Family Court and his request for an adjournment to retain new counsel (*see People v Morgan*, 275 AD2d 970 [2000], *lv denied* 96 NY2d 761 [2001]; *People v Lewis*, 177 AD2d 715 [1991], *lv denied* 79 NY2d 859 [1992]). Defendant never requested new assigned counsel, and thus we reject his contention that the court erred in failing to conduct an inquiry to determine whether good cause was shown to substitute counsel (*cf. People v Sides*, 75 NY2d 822, 824-825 [1990]). In his letter to the court, defendant requested an adjournment to retain new counsel; although he set forth a list of reasons why he was not satisfied with his assigned counsel, he did not request different assigned counsel. The further contention of defendant that he received ineffective assistance of counsel does not survive his guilty plea because "[t]here is no showing that the plea bargaining process was infected by any allegedly ineffective assistance or that defendant entered the plea because of his attorney['s] allegedly poor performance" (*People v Burke*, 256 AD2d 1244, 1244 [1998], *lv denied* 93 NY2d 851 [1999]). In any event, defendant received effective assistance of counsel (*see People v Baldi*, 54 NY2d 137, 147 [1981]). Present—Hurlbutt, J.P., Scudder, Kehoe, Pine and Hayes, JJ.