■ The People of the State of New York, Respondent, v Mario Maxwell, Appellant. [804 NYS2d 290]—

Judgment, Supreme Court, New York County (Gregory Carro, J., at suppression hearing; Jeffrey M. Atlas, J., at plea and sentence), rendered September 10, 2003, convicting defendant

of criminal possession of a controlled substance in the fifth degree, and sentencing him, as a second felony offender, to a term of 2 to 4 years, unanimously affirmed.

The court properly denied defendant's suppression motion in all respects. Defendant was properly arrested for traffic violations following his inability to establish his identity. As defendant was being placed in a holding cell, an officer advised him that he was about to be searched, and asked defendant to alert him to any sharp objects on his person so that the officer would not injure himself. Defendant's query, "If I give you what I have can I get a summons?" was not subject to suppression for lack of *Miranda* warnings, because the officer's question was for the sole purpose of insuring his own safety while searching defendant (*People v Burgos*, 255 AD2d 199 [1998], *lv denied* 93 NY2d 851 [1999]; *People v Jenkins*, 208 AD2d 459 [1994], *lv denied* 85 NY2d 863 [1995]; *see also United States v Reyes*, 353 F3d 148 [2d Cir 2003]).

The police properly conducted a visual body cavity search which led to the recovery of cocaine. The cavity search, which was for the purpose of maintaining safety and security at the place of defendant's detention, was conducted in a reasonable manner and was justified by reasonable suspicion that defendant was in possession of contraband (*see Bell v Wolfish*, 441 US 520, 559 [1979]; *People v Kelley*, 306 AD2d 699 [2003], *lv denied* 1 NY3d 598 [2004]). In addition to events that occurred at the time of defendant's arrest, his question implying that he had something unlawful on his person provided the officers with the necessary reasonable suspicion. Concur—Tom, J.P., Saxe, Nardelli, Catterson and Malone, JJ.