■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ARGELY MARTINEZ, Appellant. [860 NYS2d 632]—

Appeal by the defendant from a judgment of the County Court, Rockland County (Nelson, J.), rendered June 1, 2005, convicting him of assault in the second degree (two counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress physical evidence and his statements to law enforcement officials.

Ordered that the judgment is affirmed.

The hearing court properly denied that branch of the defendant's omnibus motion which was to suppress his pre-*Miranda* statement (*see Miranda v Arizona,* 384 US 436 [1966]), made in response to a question posed by a police officer at the crime scene. At the suppression hearing, the police officer testified that before searching the handcuffed defendant, he asked the defendant whether he had any knives or sharp objects on

his person, to which the defendant replied that "the knife" was in a bedroom. The officer's question did not have to be preceded by *Miranda* warnings because it was asked to ensure the officer's safety while he searched the defendant and was not an interrogation aimed at eliciting an incriminating statement (*see People v Maxwell*, 22 AD3d 314, 315 [2005]; *People v Rapley*, 292 AD2d 469 [2002]; *People v Burgos*, 255 AD2d 199 [1998]; *People v Jenkins*, 208 AD2d 459, 460 [1994]).

Contrary to the defendant's contention, the trial court properly allowed the People to elicit evidence that the defendant had physically abused his girlfriend on numerous prior occasions and that, prior to the incident, he regularly carried a knife on his person. The defendant was convicted of two counts of assault in the second degree for stabbing his girlfriend and her father during an altercation, and the proffered evidence was properly admitted because it was probative of his intent and rebutted his defense of justification (*see People v Alvino*, 71 NY2d 233, 241-242 [1987]; *People v Lawrence*, 4 AD3d 436 [2004]; *People v Williams*, 296 AD2d 560 [2002]; *People v Wright*, 288 AD2d 409, 410 [2001]; *People v Lee*, 284 AD2d 412 [2001]; *People v Sellers*, 135 AD2d 590 [1987]). Moreover, the probative value of the evidence outweighed any prejudice to the defendant, particularly in light of the trial court's limiting instruction to the jury (*see People v Williams*, 296 AD2d 560 [2002]; *People v Corella*, 281 AD2d 428, 429 [2001]).

The imposition of consecutive terms of imprisonment was a proper exercise of the sentencing court's discretion (*see People v Ramirez*, 89 NY2d 444, 450 [1996]) and the sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]).

The defendant's remaining contention is without merit. Mastro, J.P., Skelos, Balkin and Leventhal, JJ., concur.