■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JISUN ALLAH, Appellant. [863 NYS2d 682]—

Judgment, Supreme Court, Bronx County (Thomas Farber, J.), rendered February 1, 2006, convicting defendant, after a jury trial, of assault in the second degree, and sentencing him, as a second violent felony offender, to a term of five years, unanimously affirmed.

The court properly denied defendant's suppression motion in all respects. When, in response to the officers' inquiry about the whereabouts of a knife, defendant offered to show them the knife and led them into his apartment, defendant manifested his voluntary consent to a search of the premises for the purpose of recovering the knife (see People v Gonzalez, 39 NY2d 122, 128-131 [1976]). Although the police took defendant back into

the hallway outside the apartment, the officer's reentry into the apartment to recover the knife did not constitute a second, separate search; the search of the room from which the knife was recovered was within the scope of defendant's consent. Although defendant was in custody, the inquiry about the knife's location was justified by public safety concerns and thus did not require *Miranda* warnings (*see New York v Quarles*, 467 US 649, 659 [1984]; *People v Allen*, 240 AD2d 418 [1997], *lv denied* 90 NY2d 1009 [1997]; *People v Waiters*, 121 AD2d 414 [1986], *lv denied* 68 NY2d 760 [1986]).

Defendant made a valid waiver of his right to counsel, after an extensive inquiry by the court that established his ability to represent himself and emphasized the dangers and disadvantages of proceeding without counsel (*see People v Providence*, 2 NY3d 579, 580-581 [2004]). Concur—Tom, J.P., Mazzarelli, Friedman, Williams and Moskowitz, JJ.