SUMMARY ORDER
Petitioner-appellant Jazzmin D. Williams appeals from a judgment of the District Court denying his petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254.[1] Petitioner raised multiple argu *490 ments in his petition, but the sole issue on appeal — the only issue certified by the District Court — is whether the evidence presented at trial was sufficient for the jury to conclude that petitioner was guilty of “depraved indifference” murder, as set forth in New York Penal Law § 125.25(2) (“A person is guilty of murder in the second degree when ... (2) Under circumstances evincing a depraved indifference to human life, he recklessly engages in conduct which creates a grave risk of death to another person, and thereby causes the death of another person.... ”). We assume the parties’ familiarity with the underlying facts and the procedural history of this case.
We review a district court’s grant or denial of a writ of habeas corpus de novo and its findings of fact for clear error. Clark v. Perez, 510 F.3d 382, 389 (2d Cir.2008). Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996, a federal court may grant habeas corpus relief on a claim adjudicated on the merits in state court only if the adjudication was (1) “contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;” or (2) “based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.” 28 U.S.C. § 2254(d).
The District Court found that as “people were entering and exiting ... nearby shops[,] [petitioner closed his eyes and fired a Taurus nine-millimeter semi-automatic pistol repeatedly until the clip was empty.... Police found 13 shell casings spread over a 20-30 foot area. One bullet hit [the victim] in the torso, killing him. Officers found one bullet inside a parked van and at least three bullets inside apartments on Main Street; they also found bullet holes over the door of a nearby store and inside several other Main Street apartments.” (Order Accepting Magistrate Judge’s Report and Recommendation, Jan. 18, 2007, at 3.) Petitioner concedes that his actions might be fairly characterized as “negligent, or even reckless” but argues that no rational juror could have fairly characterized his behavior as “wanton.” See People v. Register, 60 N.Y.2d 270, 274, 469 N.Y.S.2d 599, 457 N.E.2d 704 (1983) (“A person acts recklessly when he is aware of and consciously disregards a substantial and unjustifiable risk ..., but to bring defendant’s conduct within the murder statute, the People were required to establish also that defendant’s act was imminently dangerous and presented a very high risk of death to others and that it was committed under circumstances which evidenced a wanton indifference to human life or a depravity of mind.”).[2] Petitioner also argues that *491 the District Court’s findings were erroneous because (1) there were no bystanders at or near the location where the shooting occurred; (2) there was no proof that the bullets from petitioner’s gun struck apartment windows, a van, and a store on the same block as the shooting; and (3) petitioner acted in self defense.
We believe the circumstances of this case support the District Court’s findings and provide ample basis for a jury to conclude that petitioner’s actions were wanton. See Register, 60 N.Y.2d at 274, 469 N.Y.S.2d 599, 457 N.E.2d 704. It is undisputed that petitioner fired his gun several times in the direction of his victim at approximately 2 p.m. with his eyes closed. Petitioner stood on South Cherry Street, firing North toward Main Street, where the victim was found. At least one witness testified that he saw several people on the streets in the immediate vicinity of the shooting. Several witnesses, including two firefighters, testified that they heard multiple gunshots. A police officer testified that he observed thirteen nine millimeter shell casings-the same caliber bullet recovered from the victim, who was hit with only one bullet-in a 20 to 30 foot area along South Cherry Street between Main Street and Cannon Street. (In a taped police statement that was read to the jury, petitioner admitted to firing the gun “[rjiglit down the street from Rite Stop,” a store located at the corner of Main Street and South Cherry Street.) Another police officer testified that he observed bullet holes in several apartment windows in the buildings at the intersection of Main Street and South Cherry Street, as well as bullet holes above a doorway to a Rite Stop store and in a van parked in the Rite Stop parking lot. Finally, petitioner claims to have feared for his safety when he saw the victim reach toward his pants pocket, presumably to draw a weapon. However, petitioner never saw the victim draw a weapon and, although a gun was found on the victim, it was located in an inside jacket pocket, not in his pants pocket.
In light of the foregoing, we AFFIRM the judgment of the District Court.

. In November 1998, the County Court of Dutchess County entered a judgment convicting petitioner, after a jury trial, of one count of murder in the second degree (depraved indifference), in violation of N.Y. Penal Law § 125.25(2), and criminal possession of a weapon in the second degree, in violation of N.Y. Penal Law § 265.03. The Court sentenced him to concurrent terms of 25 years to life in prison on the murder count, and seven and one-half to 15 years in prison on the weapons possession count. (The jury acquit *490 ted petitioner of intentional murder in second degree.) On July 22, 2002, the Appellate Division affirmed, see People v. Williams, 296 A.D.2d 560, 560-61, 745 N.Y.S.2d 700 (2d Dep’t 2002), and leave to appeal to the New York Court of Appeals was denied on November 21, 2002, see People v. Williams, 99 N.Y.2d 540, 540, 752 N.Y.S.2d 601, 782 N.E.2d 579 (2002). Petitioner’s request for post-conviction relief under New York law was denied by the Appellate Division on April 5, 2004, see People v. Williams, 6 A.D.3d 467, 467-68, 774 N.Y.S.2d 347 (2d Dep't 2004), and leave to appeal the denial of post-conviction relief was denied on June 7, 2004, see People v. Williams, 3 N.Y.3d 650, 650, 782 N.Y.S.2d 421, 816 N.E.2d 211 (2004). Petitioner filed this habeas corpus petition on August 26, 2004.

. The New York Court of Appeals currently applies a different interpretation of "depraved indifference” murder; however, we must apply the law as it existed at the time of petitioner's trial and direct appeal. See Policano v. Herbert, 507 F.3d 111, 114 (2d Cir.2007) (concluding that at the time a habeas corpus petitioner's conviction became final in 2001, People v. Register, 60 N.Y.2d 270, 469 N.Y.S.2d 599, 457 N.E.2d 704 (1983), "governed the *491 legal sufficiency of the evidence needed to establish guilt for depraved indifference murder”); see also Policano v. Herbert, 7 N.Y.3d 588, 602-03, 825 N.Y.S.2d 678, 859 N.E.2d 484 (2006) (concluding that Register "states the correct interpretation of the law of New York with respect to the elements of depraved indifference murder” at least until People v. Hafeez, 100 N.Y.2d 253, 762 N.Y.S.2d 572, 792 N.E.2d 1060 (2003), was decided). Because petitioner's conviction became final in 2002, Register applies.