*695 OPINION OF THE COURT
Thomas Rainbow Morse, J.
The defendant has moved for suppression of a statement made to Officer DiSanto who was arresting him on an outstanding arrest warrant charging first-degree robbery.[1] The officer responded to the location given by the defendant to the police dispatcher when the defendant called asking to be arrested on the warrant. Although Officer DiSanto testified that he did not observe any gun or bulge underneath the defendant’s clothing, he did notice that the defendant was wearing a metal back brace. When the officer told the defendant to turn around so he could be searched and handcuffed as part of the arrest process, he asked the defendant if he had any weapons, needles or anything sharp on him that might injure an officer while the defendant was being searched incident to arrest. In sum and substance, the defendant replied, “I don’t have a gun on me now, but I have had one there before. You guys just didn’t catch me with it.” It is that statement which the defendant seeks to suppress.
The defendant alleges that his right to counsel and the right to remain silent were violated, precluding the prosecution’s use of the statement at trial. Resolution of those issues requires that the court determine whether the defendant’s right to counsel had attached, whether he was in custody, whether the officer’s question regarding sharp instruments constituted interrogation and whether the defendant’s statement was responsive to the officer’s question. For the reasons which follow, this court finds the People have proven the statement was not taken in violation of the defendant’s rights and was voluntary beyond a reasonable doubt.
With the filing of the accusatory instrument alleging robbery as the basis for the arrest warrant, the defendant’s indelible right to counsel attached and the defendant couldn’t “spontaneously or otherwise”[2] waive his right to counsel.[3] Moreover, “[s]hould the police desire to have any dealings with an indicted defendant, except of course in connection with such ministerial matters as pedigree declarations and his processing as an ar *696 restee, they must do so in the presence of an attorney.”[4]
[5]It is clear, therefore, that if Officer DiSanto had asked him any questions regarding the alleged robbery, the defendant’s statements would be suppressed as having violated his right to counsel, which at that point provided an umbrella protecting him from the awesome power of the state. He did not, however, ask him anything concerning the crimes upon which the warrant was issued. He was simply there at the defendant’s request to take him into custody.
A custodial interrogation also implicates the right to counsel and the need to warn a subject of the right to remain silent. The test for custody in New York focuses on “whether a reasonable person, innocent of any crime, would have believed he [or she] was free to leave the presence of the police.”[6] In this case, the defendant initiated police contact specifically to be taken into custody on an outstanding warrant. He identified himself to Officer DiSanto as the person who had called. A reasonable person in his situation would surely have believed he or she was in custody when the question was asked. Thus, had the officer’s questioning been about the offenses which were the subject of the warrant, it would have to have been preceded by Miranda warnings.
Yet attachment of the right to counsel and custody is not determinative of this case because this court finds Officer DiSanto asked the question for the protection of the officer searching the defendant incident to arrest.[6] Accordingly, his “question did not have to be preceded by Miranda warnings because it was asked to ensure the officer’s safety while he searched the defendant and was not an interrogation aimed at eliciting an incriminating statement.”[7] In that regard, the question was similar to an arresting officer’s inquiry relating to whether someone in custody needs medical attention, which does not implicate the Miranda rule.[8] As noted by the Appellate Division, Fourth Department, “[q]uestions that are necessary for processing a suspect or providing for his physical needs need not be preceded *697 by Miranda warnings because such questions do not constitute interrogation.”[9]
It is significant that the only information Officer DiSanto had about the charges underlying the warrant was the nature of the offenses. There is nothing in the record before the court indicating that he had any part in investigating those criminal acts or was aware of the specifics of the allegations. Had he been investigating the offenses underlying the warrant, then the question Officer DiSanto asked before the defendant was searched might not have been as constitutionally innocuous as the court holds today that it was.
The officer didn’t ask the defendant if he had ever possessed a weapon. Rather, the officer’s concern was for the immediate safety of the officer searching the defendant incident to arrest. It was a question which the defendant could have answered either “yes” or “no” or remained silent. Yet, he did not. Instead of being quiet or simply saying “no,” the defendant taunted the officer. Once he decided to respond, instead of giving a simple declarative answer, he bragged that in the past he had successfully concealed a gun in his back brace and that the police had not found it. His answer, therefore, was not responsive[10] to the question asked. Thus, he has given the People at least the opportunity to attempt to convince the trial judge that the statement is relevant and material at the time of trial should they adopt a trial strategy which includes arguing for its admission before a fact finder.
The court also finds the People have sustained their burden regarding common-law voluntariness of the statement made by the defendant beyond a reasonable doubt. It was clearly not the product of any threats, coercion or undue influence. Therefore, the defendant may be cross-examined regarding the statement allegedly made should he waive his rights and testify at trial.[11]

. The parties stipulated at the time of the hearing that the warrant was for robbery in the first degree even though the officer testified that he believed it was for robbery in the second degree.

. People v Tompkins, 45 NY2d 748, 751 (1978).

. People v Jones, 2 NY3d 235 (2004); People v Samuels, 49 NY2d 218, 221-222 (1980).

. People v Settles, 46 NY2d 154, 164-165 (1978) (emphasis added).

. People v Brown, 295 AD2d 442, 443 (2d Dept 2002) (citations omitted).

. People v Rapley, 292 AD2d 469 (2d Dept 2002).

. People v Martinez, 53 AD3d 508, 509 (2d Dept 2008); see also People v Maxwell, 22 AD3d 314, 315 (1st Dept 2005); People v Burgos, 255 AD2d 199 (1st Dept 1998); People v Jenkins, 208 AD2d 459, 460 (1st Dept 1994).

. People v Topolski, 28 AD3d 1159, 1160 (4th Dept 2006).

. People v Youngblood, 294 AD2d 954, 954 (4th Dept 2002), lv denied 98 NY2d 704 (2002), habeas corpus denied sub nom. Youngblood v Conway, 426 F Supp 2d 107, 115 (WD NY 2006).

. People v Santiago, 41 AD3d 1172, 1174-1175 (4th Dept 2007). In fact, by responding with uncalled-for information, the defendant’s statement may be seen as spontaneous. Compare People v Cobado, 16 AD3d 1114, 1114 (4th Dept 2005) (“The court also properly refused to suppress statements spontaneously made by defendant when a police officer asked him for biographical information”).

. Harris v New York, 401 US 222, 226 (1971); Oregon v Hass, 420 US 714, 721-722 (1975).