# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**91**

**KA 11-01597**

PRESENT: SCUDDER, P.J., FAHEY, LINDLEY, VALENTINO, AND MARTOCHE, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                          MEMORANDUM AND ORDER

JAMES FOX, DEFENDANT-APPELLANT.

---

LEANNE LAPP, PUBLIC DEFENDER, CANANDAIGUA (KATHLEEN P. REARDON OF COUNSEL), FOR DEFENDANT-APPELLANT.

R. MICHAEL TANTILLO, DISTRICT ATTORNEY, CANANDAIGUA (JAMES B. RITTS OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Ontario County Court (Craig J. Doran, J.), rendered July 22, 2011. The judgment convicted defendant, upon his plea of guilty, of failure to register as a sex offender.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of failure to register as a sex offender (Correction Law §§ 168-f [4]; 168-t). By failing to move to withdraw his plea or to vacate the judgment of conviction, defendant failed to preserve for our review his contention that his statement during the allocution concerning a potential suppression issue rendered the plea involuntary (*see People v Lopez*, 71 NY2d 662, 667-668). In any event, defendant's contention lacks merit because the record establishes that, following an inquiry by County Court, he affirmatively waived his right to challenge the admissibility of his statement to the police (*see generally People v Mackie*, 54 AD3d 651, 652, *lv denied* 11 NY3d 898). Defendant's further contention that defense counsel's failure to move to suppress the statement at issue deprived him of meaningful representation does not survive his plea because there is no indication that the plea was infected by defense counsel's alleged ineffectiveness (*see People v La Bar*, 16 AD3d 1084, 1085, *lv denied* 5 NY3d 764). We note, in any event, that such a motion would have had little chance of success on these facts, and thus defense counsel was not ineffective for failing to make a motion on that basis (*see generally People v Caban*, 5 NY3d 143, 152).

Entered:  February 8, 2013                          Frances E. Cafarell
                                                    Clerk of the Court