■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VERNON WARD, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Agresta, J.), rendered April 28, 1975, convicting him of murder (Penal Law former § 125.25), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial (Dubin, J.), after a hearing, of those branches of the defendant's omnibus motion which were to suppress evidence.

Judgment affirmed.

The hearing court properly found that the statements by the deceased naming the defendant as her attacker were admissible at trial as a dying declaration, since they were made while she was in extremis and under a sense of impending death *(see, People v Liccione,* 63 AD2d 305, *affd* 50 NY2d 850; *People v Allen,* 300 NY 222; *cf. People v Nieves,* 67 NY2d 125).

In addition, the fact that the deceased was beaten, shot six times, once in the chest, and left bleeding in a park at night, was sufficient evidence to permit the jury to infer that the defendant intended to cause her death *(see, People v Jackson,* 18 NY2d 516; *People v Nelson,* 110 AD2d 858; *People v McDavis,* 97 AD2d 302).

We have considered the defendant's remaining contentions, including the one regarding the waiver by the defendant of his right to counsel and his exercise of his right to proceed *pro se,* and find them to be meritless. Rubin, J. P., Lawrence, Eiber and Spatt, JJ., concur.