THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HECTOR SANTIAGO, Appellant.

The defendant contends that his conviction of murder in the second degree should be reduced to manslaughter in the first degree because the evidence was insufficient to prove that he intended to cause his victim's death (Penal Law §§ 125.25, 125.20). At trial, the defendant did not dispute that he fired the shots that caused his brother-in-law's death. Viewing the evidence in the light most favorable to the People *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to support the conviction for murder in the second degree. The fact that the defendant fired four shots, plus a witness's testimony that the defendant chased his victim and carefully aimed before firing the fatal shot, support the inference that he intended to cause death *(see, e.g., People v Perez,* 64 NY2d 868; *People v Milea,* 112 AD2d 1011, *lv denied* 66 NY2d 921).

The conflicting testimony with respect to the defendant's alleged intoxication presented a factual issue for the jury. The jury's determination that the defendant could form the intent to cause death is supported by the record and will not be disturbed *(see, e.g., People v Garafolo,* 44 AD2d 86; *People v Handly,* 102 AD2d 922). Upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (CPL 470.15 [5]). Thompson, J. P., Kunzeman, Rubin and Harwood, JJ., concur.