■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NORMAN NANCE, Appellant.—Appeal by the defendant from a judgment of the County Court, Westchester County (Herold, J.), rendered June 16, 1988, convicting him of attempted murder in the second degree, assault in the first degree, and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The court did not improvidently exercise its discretion in trying the defendant in absentia. The record reveals that the defendant was twice informed of his right to be present at trial as well as the consequences of failing to appear for trial *(see, People v Parker,* 57 NY2d 136, 140). On the day the trial was to begin the defendant appeared in court but shortly thereafter absconded. Reasonable efforts to locate him proved unsuccessful. We find that under the circumstances, the defendant waived his right to be present at his criminal trial *(see, People v Parker, supra),* and, in any event, forfeited that right by absconding shortly before the beginning of trial *(see, People v Sanchez,* 65 NY2d 436, 444; *People v Carbonaro,* 151 AD2d 593).

The defendant contends that his conviction of attempted murder in the second degree cannot stand because the evidence adduced at trial was insufficient to prove beyond a reasonable doubt that he intended to cause the victim's death. At trial, the victim testified that as he was walking down the street, the defendant, whom the victim had known for three to four years, suddenly appeared from behind a parked mini van, said "hello", and shot him in the left eye. As the victim turned and was running away, the defendant continued to fire at the victim, hitting him once in the upper shoulder and once in the lower back. Another eyewitness testified to the occurrence of these events. The defendant's intent to cause death is

manifest by his act of repeatedly shooting the victim at close range *(see, People v Santiago,* 140 AD2d 468; *People v Ward,* 119 AD2d 840; *People v Milea,* 112 AD2d 1011). Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Furthermore, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence *(see,* CPL 470.15 [5]).

We have reviewed the defendant's remaining contention and find it to be without merit *(see, People v Rivera,* 71 NY2d 705; *People v Baldi,* 54 NY2d 137). Mangano, P. J., Lawrence, Eiber and Balletta, JJ., concur.