■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAMON RUIZ, Appellant. [622 NYS2d 97] —Appeal by the defen-

dant from two judgments of the Supreme Court, Kings County (Goldstein, J.), both rendered August 10, 1992, convicting him of murder in the second degree under Indictment No. 11733/91 and criminal possession of a weapon in the third degree (two counts) under Indictment No. 9642/91, upon jury verdicts, and imposing sentences.

Ordered that the judgments are affirmed.

On appeal, the defendant claims that the People failed to prove his guilt of murder in the second degree beyond a reasonable doubt. Because the defendant failed to raise before the Supreme Court the specific claims that he now raises on appeal, the issue of the legal sufficiency of the evidence is unpreserved for appellate review (see, CPL 470.05 [2]).

In any event, the defendant's contentions with regard to murder in the second degree are without merit. When a conviction is based solely upon circumstantial evidence, an appellate court reviewing the legal sufficiency of the trial evidence must determine whether any valid line of reasoning and permissible inferences could lead a rational person to the conclusion reached by the fact finder on the basis of the evidence at trial, viewed in the light most favorable to the People (see, People v Williams, 84 NY2d 925). In the instant case, two of the prosecution witnesses testified that they heard gunshots being fired on the street and then, moments later, observed the defendant jog away from the location where the decedent was found. One of those witnesses further testified that, at that time, she saw the defendant carrying what appeared to be a semi-automatic weapon. This evidence was legally sufficient to permit the inference that the defendant fired the shots, and his intent to cause death is manifest by his act of repeatedly shooting the victim (see, People v Nance, 175 AD2d 185, 185-186; People v Milea, 112 AD2d 1011, 1013). Viewing this evidence in the light most favorable to the prosecution (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt.

Moreover, upon the exercise of our factual review power, we are satisfied that the verdicts were not against the weight of the evidence (see, CPL 470.15 [5]). Bracken, J. P., Rosenblatt, O'Brien and Altman, JJ., concur.