■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM HOGAN, Appellant. [631 NYS2d 405] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Hanophy, J.), rendered February 21, 1991, convicting him of murder in the second degree, attempted murder in the second degree (two counts), assault in the second degree, and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that his conviction of murder in the second degree cannot stand because the evidence adduced at trial was legally insufficient to prove beyond a reasonable doubt that he intended to cause the victim's death. At trial, one witness testified that the defendant turned and shot at him several times while no more than several yards away. Three other witnesses testified that they heard at least two shots fired.

The defendant's intent to cause the death of another person *(see,* Penal Law § 125.25 [1]), is manifest in his act of repeatedly shooting at the witnesses at close range *(see, People v Horton,* 18 NY2d 355, 359, *cert denied* 387 US 934; *see also, People v Culpepper,* 118 AD2d 866; *People v Milea,* 112 AD2d 1011, 1013). Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Furthermore, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence *(see,* CPL 470.15 [5]).

Viewing the representation afforded to the defendant in light of the evidence, the law, and the circumstances presented here, we find that the defendant received meaningful assistance from his trial counsel *(see, People v Baldi,* 54 NY2d 137, 147).

Under the circumstances of this case, the sentence imposed was not excessive *(see, People v Suitte,* 90 AD2d 80).

The defendant's remaining contentions are either unpreserved for appellate review *(see,* CPL 470.05 [2]; *see also, People v Stahl,* 53 NY2d 1048; *People v Udzinski,* 146 AD2d 245) or without merit. Balletta, J. P., Copertino, Pizzuto and Krausman, JJ., concur.