■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS STEED, Appellant. [635 NYS2d 63] —Appeal by the defendant from a judgment of the Supreme Court, Kings County

(Kreindler, J.), rendered October 21, 1993, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress statements made by him to law enforcement officials.

Ordered that the judgment is affirmed.

The defendant voluntarily approached the police at the crime scene and identified the victim as his girlfriend's grandmother with whom he lived. The defendant thereafter agreed to accompany the police to the stationhouse. He was not handcuffed, and no force or threats of any kind were used. While answering background questions related to when he last saw the victim and who her friends were, the detective questioning the defendant was called from the room. When the detective returned, he promptly advised the defendant of his *Miranda* rights *(see, Miranda v Arizona,* 384 US 436), and confronted him with a confession by the defendant's girlfriend that the defendant and she had suffocated the victim. The defendant initially denied his involvement, but thereafter made inculpatory oral, written, and videotaped statements.

The defendant claims that he was subjected to custodial interrogation prior to being advised of his *Miranda* rights. However, it is clear that, prior to the time that the defendant was advised of his *Miranda* rights, a person innocent of any crime would not have believed that he was under arrest under the circumstances then present *(see, People v Yukl,* 25 NY2d 585; *People v Lovette,* 212 AD2d 639). Thus, the hearing court properly denied suppression of the defendant's statements made to law enforcement officials.

The defendant's contentions with respect to the admissibility of a knife and a pillow seized from the victim's apartment need not be addressed, since those items were not admitted into evidence at the trial.

The defendant's sentence was not excessive *(see, People v Suitte,* 90 AD2d 80).

The defendant's remaining contentions are either unpreserved for appellate review, without merit, or do not require a new trial. Balletta, J. P., Thompson, Joy and Goldstein, JJ., concur.