■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONALD JONES, Appellant. [646 NYS2d 146] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Gerges, J.), rendered January 6, 1994, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the evidence was legally insufficient to establish his guilt is unpreserved for appellate review *(see,* CPL 470.05 [2]; *People v Ruiz,* 211 AD2d 829, 830; *People v Udzinski,* 146 AD2d 245, 250). In any event, viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. The defendant was witnessed chasing the decedent in the street, shooting him in the leg and in the back. This constituted legally sufficient evidence to permit the inference that the defendant fired the final fatal shot, and his intent to cause death was manifest by his act of repeatedly shooting the victim *(see, People v Ruiz, supra; People v Nance,* 175 AD2d 185, 186).

Regarding the testimony of the People's witness that he saw the defendant fire the fatal gunshot, any resolutions of issues of credibility, as well as the weight to be accorded the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses *(see, People v Gaimari,* 176 NY 84). Its determination is entitled to great weight on appeal and should not be disturbed unless clearly unsupported by the record *(see, People v Garafolo,* 44 AD2d 86). This is especially so where, as here, the inconsistencies in the eyewitness testimony were fully explored under intense cross-examination *(see, People v Gruttola,* 43 NY2d 116, 122-123; *People v Tugwell,* 114 AD2d 869, 870). Upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence *(see,* CPL 470.15 [5]). Rosenblatt, J. P., Santucci, Joy and Hart, JJ., concur.