■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM JONES, Appellant. [765 NYS2d 661] —Appeal by the defendant from a judgment of the Supreme Court, Richmond County (Rooney, J.), rendered July 28, 1999, convicting him of murder in the second degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the People failed to prove by legally sufficient evidence that he intended to cause the victim's death is unpreserved for appellate review as he failed to specifically raise this claim in his motion for a trial order of dismissal (*see* CPL 470.05 [2]; *People v Gray,* 86 NY2d 10, 19 [1995]; *People v Bedford,* 296 AD2d 553 [2002]; *People v Ruiz,* 211 AD2d 829 [1995]). Moreover, his posttrial motion to set aside

the verdict was insufficient to preserve the legal sufficiency of the evidence for appellate review (*see People v Padro,* 75 NY2d 820 [1990]; *People v Slavin,* 299 AD2d 499 [2002]; *People v Palompelli,* 296 AD2d 557 [2002]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt of murder in the second degree beyond a reasonable doubt (*see* Penal Law § 125.25 [1]; *People v Robertson,* 302 AD2d 956 [2003], *lv denied* 100 NY2d 542 [2003]). The defendant's intent to kill was manifest by his act of repeatedly firing at the vehicle which he knew was occupied by the victim and three other passengers—one of whom had just assaulted the defendant—at close range (*see People v Hogan,* 219 AD2d 672 [1995]; *People v Nance,* 175 AD2d 185 [1991]; *People v Culpepper,* 118 AD2d 866 [1986]). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see* CPL 470.15 [5]).

The defendant's remaining contention is unpreserved for appellate review and, in any event, without merit. Santucci, J.P., S. Miller, McGinity and Schmidt, JJ., concur.