■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRUCE BIGGS, Appellant. [859 NYS2d 724]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Collini, J.), rendered November 16, 2005, convicting him of manslaughter in the second degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the evidence was legally insufficient to support his convictions of manslaughter in the second degree is unpreserved for appellate review (see CPL 470.05 [2]; People v Gray, 86 NY2d 10, 19 [1995]). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, resolution of issues of credibility is primarily a matter to be determined by the factfinder, which saw and heard the witnesses, and its determination should be accorded great deference on appeal (see People v Romero, 7 NY3d 633, 644-645 [2006]; People v Mateo, 2 NY3d 383, 410 [2004], cert denied 542 US 946 [2004]). Upon the exercise of our factual review power (see CPL 470.15 [5]), we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633 [2006]).

The trial court properly admitted into evidence the prior testimony of the defendant's accomplice. The prosecution established that it exercised due diligence in attempting to locate the witness (see CPL 670.10 [1]; People v Thomas, 219 AD2d 549, 549-550 [1995]; People v Tumerman, 133 AD2d 714, 715 [1987]). Moreover, the admission of the prior testimony did not violate the defendant's right to confrontation as the defendant had a full opportunity to cross-examine the witness at his two prior trials (see Crawford v Washington, 541 US 36, 68 [2004]).

The defendant was not denied the effective assistance of counsel (see People v Benevento, 91 NY2d 708, 712 [1998]).

The defendant's remaining contentions are without merit. Fisher, J.P., Ritter, Florio and Carni, JJ., concur.