■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WAURD DEMOLAIRE, Appellant. [865 NYS2d 625]—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Aloise, J.), rendered April 26, 2006, convicting him of manslaughter in the second degree and conspiracy in the sixth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the evidence was legally insufficient to support his conviction of manslaughter in the second degree because it was insufficient to show that he acted recklessly is preserved for appellate review. His argument in support of his trial motion of dismissal was sufficiently specific to alert the court to his position (*see* CPL 470.05 [2]; *People v*

*Rose,* 41 AD3d 742 [2007]; *People v Jean-Baptiste,* 38 AD3d 418, 420 [2007]). However, the contention is without merit. Viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt (*see People v Biggs,* 52 AD3d 620 [2008]; *People v Henrius,* 6 AD3d 548, 549 [2004]; *People v Feliciano,* 298 AD2d 598 [2002]). Moreover, upon the exercise of our factual review power (*see* CPL 470.15 [5]), we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero,* 7 NY3d 633 [2006]).

The defendant's contention that the accomplice testimony adduced at trial was insufficiently corroborated by independent evidence, as required by CPL 60.22 (1), is unpreserved for appellate review and, in any event, is also without merit (*see People v Steinberg,* 79 NY2d 673, 683 [1992]; *People v Montefusco,* 44 AD3d 879, 880 [2007]; *People v Hicks,* 20 AD3d 695, 697 [2005]; *People v Williams,* 8 AD3d 592 [2004]).

The defendant's contention that he was denied the effective assistance of counsel is similarly without merit. The defendant failed to demonstrate the absence of strategic or other legitimate explanations for defense counsel's failure (*see People v Jordan,* 44 AD3d 875, 876 [2007]). The evidence, the law, and the circumstances of the case, viewed in totality as of the time of representation, reveal that trial counsel provided meaningful representation (*see People v Britton,* 49 AD3d 893, 894 [2008], *lv denied* 10 NY3d 956 [2008]; *People v Jean,* 21 AD3d 499 [2005]).

The sentence imposed was not excessive (*see People v Suitte,* 90 AD2d 80 [1982]). Spolzino, J.P., Ritter, Santucci and Carni, JJ., concur.