THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STANLEY WILLIAMS, Appellant. [873 NYS2d 333]—

Appeal by the defendant from a judgment of the County Court, Suffolk County (Mullen, J.), rendered May 31, 2006, convicting him of murder in the second degree, assault in the first degree, and burglary in the first degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

According to the testimony of several witnesses, in the early hours of April 27, 2004 the defendant and two of his friends kicked in the door to the home of Eric Shawn Carter in Central Islip, demanding drugs and money. Carter was sleeping in his bedroom with his four-month-old son and the child's mother. Carter's friend Robert Arbaiza was in the living room with a female friend, watching television.

Witnesses further testified that the three intruders wore bandannas covering the bottom of their faces and were armed with a baseball bat, a straight knife, and a nonworking gun. Carter and Arbaiza resisted the attack. Carter sustained blunt force trauma to the head and elsewhere, and died from four stab wounds to his torso. Arbaiza was stabbed with the same knife, but survived. Witnesses asserted that the intruders, aided by the defendant's sometime girlfriend, who drove them in her car to and from the Carter home, fled before the police arrived. The three intruders and the driver were apprehended approximately one year later, after an incarcerated drug dealer approached the police to tell them about the defendant's role in the homicide.

During his interrogation, the defendant waived his right to counsel, signed a five-page statement confessing his role in Carter's murder, and provided an oral cavity swab for DNA testing. The defendant was charged with murder in the second degree (felony murder), assault in the first degree, and burglary in the first degree (two counts), and convicted on all counts after a jury trial at which he testified that he was never in Carter's home and that he was beaten into signing the confession.

Contrary to the defendant's contention, he was not deprived of the effective assistance of counsel (see People v Benevento, 91 NY2d 708, 712 [1998]; People v Jean, 21 AD3d 499 [2005]). The

standard of review to support a claim that counsel was ineffective is whether, under the circumstances of the case, the defendant received meaningful representation (*see People v Caban*, 5 NY3d 143, 152 [2005]; *People v Urena*, 23 AD3d 587, 588 [2005]). The defendant did not demonstrate that defense counsel failed to provide meaningful representation or that there was no strategic or legitimate explanation for his allegedly deficient conduct (*see People v Caban*, 5 NY3d 143, 152 [2005]; *People v Valath*, 56 AD3d 578 [2008]; *People v Demolaire*, 55 AD3d 621 [2008]).

In fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The sentence imposed was not excessive (*see People v Valath*, 56 AD3d 578 [2008]; *People v Demolaire*, 55 AD3d at 622; *People v Suitte*, 90 AD2d 80 [1982]). Spolzino, J.P., Santucci, Leventhal and Chambers, JJ., concur.