■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONALD BRYSON, Appellant. [887 NYS2d 263]—

Appeal by the defendant from a judgment of the Supreme Court, Suffolk County (Mullen, J.), rendered June 23, 2006, convicting him of murder in the second degree (two counts), burglary in the first degree (two counts), and assault in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

In the early morning hours of April 27, 2004, the defendant and two friends kicked in the door to the home of the first victim, in Central Islip, demanding money and drugs. The first victim was sleeping in the bedroom with his four-month-old son and the child's mother, while the second victim was watching television in the living room with a friend.

The intruders wore bandannas covering the bottoms of their faces and were armed with a baseball bat, a knife, and a nonworking gun. The victims were beaten and stabbed as they resisted the intruders. The intruders fled in a car driven by Wanda Santalis, the defendant's sometime girlfriend. The first victim died from his injuries before he arrived at the hospital.

On a tip from an incarcerated drug dealer the following year, the defendant Ronald Bryson and codefendants William Brewster, Stanley Williams, and Santalis were arrested.

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Independent evidence sufficiently corroborated the accomplice testimony which Santalis provided at trial (*see* CPL 60.22 [1]; *People v Demolaire,* 55 AD3d 621, 622 [2008]; *People v Montefusco,* 44 AD3d 879, 880-881 [2007]; *People v Reyes,* 204 AD2d 361 [1994]). The trial court properly admitted Santalis' prior consistent statements after defense counsel effectively challenged her testimony as a recent fabrication (*see People v McClean,* 69 NY2d 426, 428 [1987]; *People v Herrera,* 16 AD3d 699, 700 [2005]; *People v King,* 293 AD2d 759 [2002]), as such statements were made prior to Santalis' alleged motive to fabricate testimony (*see People v McClean,* 69 NY2d at 429-430; *People v Wright,* 62 AD3d 916 [2009]).

In fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson,* 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo,* 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley,* 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero,* 7 NY3d 633 [2006], *affd* 7 NY3d 911 [2006]).

The defendant's contention that he was denied his right to be present at all stages of trial and was denied the effective assistance of counsel in connection with the jury's request for a conference with the court is without merit (*cf. People v Harris,* 76 NY2d 810, 812 [1990]; *People v Torres,* 72 NY2d 1007, 1009 [1988]). Viewing the record in its totality, we find that the defendant was afforded meaningful representation (*see People v Caban,* 5 NY3d 143, 152 [2005]; *People v Demolaire,* 55 AD3d 621, 621-622 [2008]; *People v Valath,* 56 AD3d 578 [2008]).

The sentence imposed was not excessive (*see People v Valath,* 56 AD3d 578 [2008]; *People v Demolaire,* 55 AD3d 621 [2008]; *People v Stanley,* 50 AD3d 1066 [2008]; *People v Suitte,* 90 AD2d 80 [1982]).

The defendant's contention that he was denied due process of law based on the court's refusal to declare a mistrial is without merit. Additionally, notwithstanding the defendant's failure to preserve his objection to the court's subsequent instruction to the jury for appellate review (*see* CPL 470.05 [2]), the contention that the instruction was coercive also is without merit (*see People v Applewhite,* 50 AD3d 1046, 1047 [2008]; *People v*

*Auguste,* 294 AD2d 371, 372 [2002]; *People v Johnson,* 224 AD2d 635 [1996]). Skelos, J.P., Covello, Santucci and Balkin, JJ., concur.