The People of the State of New York, Respondent, v Marissa Babb, Appellant. [890 NYS2d 610]—

The defendant contends that she was deprived of the effective assistance of counsel because her attorney failed to object to the court's "flight" charge, failed to request a "justification" charge, and failed to object to expert testimony that certain of the victim's wounds were "defensive." We disagree.

It is not error for defense counsel to fail to make futile motions or objections (*see People v Caban*, 5 NY3d 143, 152 [2005]; *People v Stultz*, 2 NY3d 277, 287 [2004]). Here, the court's instructions to the jury regarding flight as evidence of consciousness of guilt were appropriate, as the evidence had "a tendency to establish the fact sought to be proved—that defendant was aware of guilt" (*People v Bennett*, 79 NY2d 464, 470 [1992]).

Furthermore, the jury was instructed about the limited probative value of the evidence (*see People v Baker*, 26 NY2d 169, 174 [1970]).

Similarly, viewing the evidence in a light most favorable to the defendant, there was no reasonable view of the evidence to support the elements of a justification defense (*see People v Collins*, 290 AD2d 457, 458 [2002]). The defendant was virtually unscathed by the fight in question and sought no medical treatment for her injuries, while her victim received over 100 stitches and psychotherapy to deal with the scars on her face and body. Furthermore, the defendant did not rely on the defense of justification at trial. Instead, she argued that she did not have a blade and did not cut the victim, thus providing a strategic explanation for counsel's decision not to raise that defense (*see People v Dean*, 50 AD3d 1052, 1055 [2008]).

Although defense counsel erred in failing to object to the testimony of the People's expert that some of the expert victim's wounds were defensive (*see People v Paschall*, 91 AD2d 645 [1982]; *see also People v Hicks*, 2 NY3d 750, 751 [2004]; *cf. People v Collins*, 290 AD2d 457, 458 [2002]), viewing the totality of the evidence, the law, and the circumstances of the case, we conclude that the defendant received meaningful representation (*see People v Benevento*, 91 NY2d 708, 713 [1998]; *People v Bryson*, 66 AD3d 916 [2009]). Skelos, J.P., Eng, Leventhal and Chambers, JJ., concur.