■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RODNEY ALSTON, Appellant. [909 NYS2d 115]—

Appeal by the defendant from a judgment of the Supreme Court, Westchester County (Adler, J.), rendered September 25, 2006, convicting him of murder in the second degree, criminal possession of a weapon in the second degree, and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

As the People correctly contend, "where a court charges the next lesser included offense of the crime alleged in the indictment, but refuses to charge lesser degrees than that . . . the defendant's conviction of the crime alleged in the indictment forecloses a challenge to the court's refusal to charge the remote lesser included offenses" (*People v Boettcher*, 69 NY2d 174, 180 [1987]; *see People v Green*, 5 NY3d 538, 545 [2005]). "Thus, review of the defendant's challenge to the [Supreme] Court's refusal to charge manslaughter in the second degree as a lesser-included offense of murder in the second degree is foreclosed by the jury verdict finding him guilty of murder in the second degree, the crime alleged in the indictment, and its implicit rejection of the lesser-included offense of manslaughter in the first degree" (*People v Gorham*, 72 AD3d 1108, 1109 [2010], *lv denied* 15 NY3d 773 [2010]; *see People v Johnson*, 87 NY2d 357, 361 [1996]; *People v Beriguete*, 51 AD3d 939, 939-940 [2008]; *People v Greenwald*, 236 AD2d 625, 626 [1997]).

Furthermore, the defendant's contention that the prosecution failed to prove his guilt by legally sufficient evidence because his intoxication rendered him incapable of forming the requisite criminal intent is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Gray*, 86 NY2d 10, 20-21 [1995]; *People v Alston*, 42 AD3d 468, 469 [2007]). In any event, viewing the evidence in the light most favorable to the People (*see People v Contes*, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish beyond a reasonable doubt that the defendant manifested the requisite criminal intent (*see People v Bryant*, 39 AD3d 768, 768-769 [2007]; *People v Smith*, 35 AD3d 635 [2006]; *People v Hernandez*, 257 AD2d 664, 665 [1999]). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]; *People v Jones*, 229 AD2d 597 [1996]; *People v Ruiz*, 211 AD2d 829 [1995]).

Contrary to the defendant's contention, the trial court did not err in permitting the People to introduce into evidence a videotape which showed the defendant displaying a chrome-colored revolver shortly before the shooting (*see People v Webb*, 60 AD3d 1291, 1292 [2009]). We decline to reach the defendant's contention that he was deprived of a fair trial due to the alleged erroneous admission into evidence of a certain letter written by the defendant, since the letter was never actually admitted into evidence at trial (*see People v Steed*, 222 AD2d 536 [1995]; *People v Wilson*, 131 AD2d 526 [1987]). Any cross-examination of the defendant about the contents of the letter was a proper response to the testimony elicited on direct examination (*see generally People v Chaitin*, 61 NY2d 683 [1984]; *People v West*, 237 AD2d 470, 471 [1997]).

Insofar as the defendant's allegations of ineffective assistance of counsel are based upon matter dehors the record, they are not reviewable on this appeal (*see People v Tillman*, 74 AD3d 1251 [2010]; *People v Dunbar*, 74 AD3d 1227 [2010]). To the extent that the record permits review of the defendant's claim that he was deprived of the effective assistance of counsel, the defendant did not demonstrate that defense counsel failed to provide meaningful representation, or that there was no strate-

gic or legitimate explanation for defense counsel's conduct (*see Strickland v Washington*, 466 US 668 [1984]; *People v Taylor*, 1 NY3d 174 [2003]; *People v Benevento*, 91 NY2d 708 [1998]; *People v Williams*, 59 AD3d 576 [2009]; *People v Demolaire*, 55 AD3d 621 [2008]).

The defendant's remaining contention, raised in his supplemental pro se brief, is not preserved for appellate review (*see* CPL 470.05 [2]), and, in any event, is without merit (*see* CPL 300.40 [3]; *People v Leon*, 7 NY3d 109, 112 [2006]; *People v Kulakov*, 278 AD2d 519, 520-521 [2000]; *accord* Penal Law § 70.25 [2]). Santucci, J.P., Balkin, Belen and Chambers, JJ., concur.