■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEWIS FRANCOIS, Appellant. [925 NYS2d 529]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Firetog, J.), rendered June 4, 2008, convicting him of murder in the second degree and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant was charged with having shot and killed the victim, Cory Campbell, in an altercation that occurred near a bar on the night of October 2, 2006. The defendant was charged with murder in the second degree under Penal Law § 125.25 (1), which provides that a "person is guilty of murder in the second degree when: 1. With intent to cause the death of another person, he causes the death of such person or of a third person." The defendant was also charged with criminal possession of a weapon in the second degree pursuant to Penal Law § 265.03 (2), and criminal possession of a weapon in the third degree.

The People adduced legally sufficient proof of the defendant's guilt of the count of murder in the second degree. Contrary to the defendant's contention, the evidence was legally sufficient to show that he acted with the intent to kill the intended victim, rather than with recklessness or with depraved indifference to human life (*see* Penal Law § 15.05 [1]; *People v Thompson*, 75 AD3d 760, 763 [2010]; *People v Jones*, 309 AD2d 819, 820 [2003]; *People v Robertson*, 302 AD2d 956, 956-957 [2003]; *People v Hogan*, 219 AD2d 672, 672 [1995]). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383 [2004], *cert denied* 542 US 946 [2004]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The verdict was not repugnant. In light of the elements of the crimes of murder in the second degree and criminal possession of a weapon in the second degree as charged to the jury, "the defendant's acquittal of criminal possession of a weapon in the second degree did not necessarily negate the intent element" of the charge of murder in the second degree (*People v Banks*, 239 AD2d 354, 354 [1997]; *see People v Haymes*, 34 NY2d 639, 640 [1974], *cert denied* 419 US 1003 [1974]; *People v Miles*, 198 AD2d 445, 445-446 [1993]).

The defendant's remaining contentions are without merit. Rivera, J.P., Skelos, Sgroi and Miller, JJ., concur.